Bichardson, Oh. J.,
delivered the opinion of the court:
The claimant, a disbursing clerk in the office of the Secretary ■of the Treasury, alleges in his petition that at divers times since •his appointment as such he was appointed and directed, by au- *397 tboritv in writing by the Secretary of the Treasury, to be disbursing agent 1 o disburse appropriations for public buildings and grounds; and that as such disbursing agent he disbursed and paid out large sums of money, for which he claims a commission of three-eighths of 1 per cent.
He relies mainly, if not wholly, upon 'the following provision contained in the sundry civil appropriation act of August 7, 1882, chap. 433 (22 Stat. L., 306).
“ For repairs and preservation of public buildings ; for repairs and preservation of custom-houses and post-offices and other public buildings under control of the Treasury Department, one hundred and forty thousand dollars. And any disbursing1 agent who has been or may be appointed to disburse any appropriation for any United States court-house and post-office, or other building or grounds not located within the city of Washington, shall be entitled to the compensation allowed by law to collectors of customs for such amounts as have been or may be disbursed.”
To bring himself within the terms of this provision he urges that each of the many hundred orders or authorizations to pay the vouchers inclosed therewith was an appointment as a disbursing agent pro hac vice.
In our opinion this statute contemplates only those disbursing agents whose appointments or designations are specially made as such under authority of laws for the disbursement of appropriations for public buildings, and does not apply to the ordinary disbursing clerks of the Treasury Department, who occasionally, though frequently, disburse, on special orders of the Secretary in each case, only such parts of the appropriations as canbetter and more expeditiously be disbursed attheTreasury Department with a view to the convenience of the public creditors and the safety of the Government.
The following are all the statutes authorizing such appointments or designations:
“ Seo. 255. The Secretary of the Treasury may designate any officer of the United States who has given bonds for the faithful performance of his duties to be disbursing agent for the payment of all moneys appropriated for the construction of public buildings authorized by law within the district of such officer.
“ Seo. 3657. The collectors of customs in the several collection districts are required to act as disbursing agents for the payment of all moneys that are or may hereafter be appropri *398 ated for the construction of custom-houses, court-liouses, post-offices, and marine hospitals; with such compensation, not exceeding one-quarter of one per centum, as the Secretary of the Treasury may deem equitable and just.
“ Sec. 3658. Where there is no collector at the place of location of any public worlc specified in the preceding section, the Secretary of the Treasury may appoint a disbursing agent for the payment of all moneys appropriated for the construction of any such public work,.with such compensation as he may deem equitable and just.”
The claimant was precluded from appointment under section 255, because, not being attached to any district, the buildings for which his disbursements were made were not within Ms district, and he could not have been appointed under section 3658, by special designation in each case, to disburse part of the money appropriated, because there was a collector in the place of location of each of the several buildings, or a disbursing agent, other than the claimant, previously appointed •‘‘for the payment of all moneys appropriated for the construction of any such public work.”
But the findings throughout show that there was no intention of appointing the claimant as such disbursing agent. His appointment was “disbursing clerk in the office of the Secretary of the Treasury,” an office created by statute and for which an annual salary, of $2,500 was appropriated. For such a clerk the statutes prescribe no specific duties, and he is bound to disburse such money and in such manner as the Secretary directs.
The Supervising Architect is at the head of one of the divisions in the “ office of the Secretary of the Treasury,” according to departmental organization and language. It was therefore within the ordinary duties of the claimant, as such disbursing clerk, to pay the vouchers approved by the Supervising Architect when so ordered by the Secretary.
In filling the printed blanks authorizing the payment of particular vouchers it was natural that the Supervising Architect should style the claimant disbursing agent or disbursing clerk of the building to which the vouchers related, and that the Assistant Secretary should sign the order so printed and written, without intending to recognize his appointment as such. The Secretary of the Treasury in his letter of July 11, 1889, set out in Finding III, addresses the claimant merely as *399 “ Disbursing Clerk, Treasury Department.” and authorizes him to pay such vouchers as might be presented to him payable from the various appropriations for public buildings, and approves his action in making payments theretofore of this class of vouchers.
The First Comptroller, in certifying to the monthly settlement of the accounts of the claimant, addresses him as “ Disbursing Clerk, Treasury Department,” and informs him that “your account with the United States of disbursements for the office of the Supervising Architect during the .month has been examined and adjusted.” Thus he was always treated in the Treasury Department as performing his ordinary duties as disbursing clerk in the office of the Secretary when paying vouchers from the office of the Supervising Architect on the order of an Assistant Secretary. We have no doubt that he himself so regarded his appointment and duties, for he performed the duties for a period of eight years without objection and without claiming compensation beyond the salary appropriated by law, and this, too, when the acts authorizing the construction of each building limited the cost to a prescribed amount, as may be seen by references to the acts mentioned in the findings, and that limit would be exceeded in many cases of completed buildings if the present claim were allowed. Moreover when he went to Maine to make disbursements he did so not at his own expense, but at the expense of the Government, like any other clerk of the Department traveling on public business.
If these disbursements were part of his duties as disbursing clerk in the office of the Secretary of the Treasury7, then he has been paid in full according to the terms of the several acts under which appropriations for his office were made, as follows:
uBe it enacted, etc., That the following sums be, and the same are hereby appropriated, out of any money in the Treasury not otherwise appropriated, in full compensation for the service of the fiscal year ending Juue thirtieth, eighteen hundred and eighty-three, for the objects hereinafter expressed, namely:
# # # * # # #
“Treasury Department.
“ Secretary’s Office, * * * two disbursing clerks, at two thousand five hundred each.” * * * [Act of 1882, August 5, 389,22 Stat. L., 219,225, and each subsequent appropriation act.]
*400 If the duties did not properly belong to the claimant as such disbursing clerk, but were part of the duties of some other-officer, then he encounters the following provisions of the Revised Statutes and subsequent act:
“ Sec. 1763. Ro person who holds an office the salary or annual compensation attached to which amounts to the sum of two thousand hve hundred dollars shall receive compensation for discharging the duties of any other office unless expressly authorized by law.
“Sec. 1764. Uo allowance or compensation shall be made to any officer or clerk, by reason of the discharge of duties-which belong to any other officer or clerk in the same or any other Department; and no allowance or compensation shall be made for any extra services whatever which any officer or clerk may be required to perform unless expressly authorized by law.
“ Sec. 1765. 2To officer in any branch of the public service, or any other person whose salary, pay, or emoluments are fixed by law or regulations, shall receive any additional pay, extra allowance, or compensation, in any form whatever, for the disbursement of public-money, or for any other service or duty whatever, unless the same is authorized by law, and the appropriation therefor explicitly states that it is for such additional pay, extra allowance, or compensation.
“ Uo civil officer shall hereafter receive any compensation or perquisites, directly or indirectly, from the Treasury or property of the United States beyond his salary or compensation allowed by law: Provided, That this shall not be construed to-prevent the employment or payment by the Department of Justice of district attorneys as now allowed by law for the performance of services not covered by the salaries or fees.” [Act of 1874, June 20, Oh. 328, sec. 3, Supplement to Li. S., 477.]
It has been held by this court and by the Supreme Court that these provisions do not apply where one person holds two-distinct compatible offices to each of which there is a salary-attached, but only where a person holding one office, by assignment or request- of his superior officer or otherwise, performs the duties of another office held by some other person (Collins’ Case, 15 C. Cls. R., 22, and numerous cases there cited; Badeau’s Case, 130 U. S. R., 439).
The claimant’s case is exactly within these prohibitions. He held an office the salary of which was $2,500 a year, and while being paid that salary he performed duties by direction or request of the Secretary of the Treasury which, if they did not- *401 appertain to his own office, were part of the duties of several offices held by other persons, the collectors in districts where there were collectors, and by regularly appointed disbursing agents where there were no collectors.
It must be observed that during the time of the service of the claimant, as set out in the findings in words quoted from his own deposition, the bulk of the appropriations made for public buildings was paid by local disbursing officers, and that he only disbursed such parts of them as the Secretary thought could be better and more expeditiously disbursed at the Treasury Department, in Washington, with a view to the convenience of the public creditors and the safety of the Government.
The claimant has no cause of action and his petition must be dismissed.