Peelle, J.,
delivered the opinion of the court:
While the claimant herein was holding the office of disbursing clerk of the Treasury Department, for which he had given bond and taken the oath of, office required by law (Rev. Stat., sec. 176), the Secretary of the Treasury addressed to him a communication of which the following is a' copy:
“ Oeeice of tiie Secretary,
“Washington, D. O., November %7,1891.
“ George A. Bartlett,
“Disbursing Cleric, Treasury Department,

Washington, D. C.

“ Sir: You are hereby appointed disbursing agent for such funds as may be advanced to you from time to time, on account of the appropriation for post-office, Washington, D. C.
“ You will be entitled to such compensation for the services named as is provided by law, and the same rate of compensation will be allowed on all amounts disbursed by you since October. 15, 1891, on account of the appropriation named.
“ Disbursements will be made upon vouchers issued and properly certified by Thomas O. Steward, superintendent of construction, Post-Office, Washington, D. C.
“ Respectfully, yours,
“ O. L. SpatjldiNG,
“Acting Secretary.”
*341 For the performance of the duties therein stated no ad-, ditional bond or oath of office was required of or given by the claimant.
Under the several appropriation acts for the construction of the post-office building in the city of Washington it was made the duty of the Secretary of the Treasury to disburse the moneys appropriated therefor. (26 Stat. L., 413, 414; 27 Stat. L., 351, 573; 28 Stat. L., 373, 913; 29 Stat. L., 415; 30 Stat: L., 13.) And in the execution of the acts the Secretary appointed the claimant herein a disbursing agent to disburse the money appropriated therefor.
The claimant’s contention is that he was employed by the Secretary of the Treasury to do the specific thing named in the letter of appointment; that such appointment conferred no office upon him, it being a mere employment to disburse such funds as might be advanced to him on account of the Washington post-office; that the employment did not embrace the idea of duration or permanency, but began and ended with the construction of the building.
The question is, Under which of two statutes does the claimant’s appointment, employment, or designation as disbursing agent fall? By Revised Statutes, section 3657, collectors of customs are required to act as disbursing agents for-the payment of all moneys appropriated for the construction of public buildings within their respective districts, while by Revised Statutes, section 3658, the Secretary of the Treasury is authorized “ where there is no collector at the place of location of any public works specified in the pre-. ceding section ” to appoint a disbursing agent for the payment of all moneys appropriated for such purpose.
The letter of the Secretary is addressed to the claimant as “ disbursing clerk, Treasury Department,” and the language therein, “ You are hereby appointed disbursing agent,” would seem to indicate that the Secretary was intending to act under" section 3658, thereby entitling the claimant to such compensation as the Secretary “ may deem equitable and just,” limited, however, by the act of March 3, 1875 (18 Stat. L., 402, 415), to three-eighths of 1 per cent of the amount disbursed. But that section is modified by the act *342 of August 7, 1882 (22 Stat. L.. 306), which provides that “ any disbursing agent who has been or may be appointed to disburse any appropriation for any United States courthouse and post-office, or other building or grounds, not located within the city of Washington, shall be entitled to the compensation allowed by law to collectors of customs for such amounts as has been or may be disbursed.” As in the present case the building constructed was located in the, city of Washington, the claimant is excepted from those entitled to “ the compensation allowed by law to the collectors of customs ” for such services.
The duties which the Secretary devolved upon the claimant Avex-e not only germane to his regular duties as disbursing clerk, but were identical therewith, and hence can not be considered as two distinct offices or employments having different duties to perform. At most the duties thus devolved upon the claimant were additional to those he was required to pcrfoi'm as disbursing clerk of the Treasury Department, for which his salary was fixed by the act of March 3, 1875 (18 Stat. L., 396), at $2,500 per annum.
It will be noted that under section 3658 the appointment of a disbursing agent can only be made “ where there is no collector at the place of location of any public work specified ” in section 3657, and such appointment, we think, implies that the agent so appointed shall give bond as an officer (United States v. Mouat, 124 U. S., 303, 307) and take the required oath of office before entering upon the discharge of his duties. (Rev. Stat., sec. 1756.)
Under Revised Statutes, section 255—
“ The Secretary of the Treasury may designate any officer of the United States, who has given boixd for the faithfxxl performance of his duties, to be a disbursing agent for the payment of all moneys appropriated for the construction of public buildings authorized by laxv within, the-district of such officer.”
In the case of Bartlett v. The United States (25 C. Cls. R., 389, 398), wherein this same claimant as disbursing clei’k was ordered by the Secretary of the Treasury to pay such vouchers presented, for public buildings throughout the country, as *343 the Secretary might think best to be paid iii Washington, the court said:
“ The claimant was precluded from appointment under section 255, because, not being attached to any district, the buildings for which his disbursements were made were not within Ms district, and he could- not have been appointed under section 3658, by special designation in each case, to disburse part of the money appropriated, because there was a collector at the place of location of each of the several buildings, or a disbursing agent, other than the claimant, previously appointed ‘ for the payment of all moneys appropriated for the construction of any such public works.’ ”
If that ruling be correct, then it follows that in the present case the claimant could have been designated as disbursing agent under section 255, because the public building for the payment of which the appropriation was to be disbursed was located “ within the district of such officer,” i. e., within the city of Washington; and though the letter of the Secretary of the Treasury appears upon its face to be a letter of appointment, yet, as at the elate thereof the city of Washington was by Revised Statutes (sec. 2550) within the customs district of Georgetown, where a collector was provided for (sec. 2551), the claimant could not have been appointed'under section 3658; or if appointed thereunder, because at that time there was “ no collector at the place of location ” of the public building to be constructed, i. e., in the city of Washington, the claimant by virtue bf said act of August I, 1882 (supra), granting compensation to disbursing agents “ not located in the city of Washington,” would not be entitled to recover the compensation allowed by law to collectors. Hence the act of February 11, 1895 (28 Stat. L., 650), constituting Georgetown a part of the city of Washington, and continuing the port of entry there under the latter name, is immaterial in this case. That being so, the letter of appointment could only operate in effect to designate the claimant as a disbursing agent under section 255, for which no compensation, additional to that of his regular salary, is provided.
Again, as the claimant did not hold two distinct offices, places, or employments, each with its own duties and compensation, he does not bring himself within the ruling in the case of the United States v. Saunders (120 U. S., 126, 129), where *344 in the court construes Revised. Statutes, sections 1763, 1764, and 1765, the last of which sections provides that—
“No officer in any branch of the public service, or any other person whose salary, pay, or emoluments are fixed by law or regulations, shall receive any additional pay, extra allowance, or compensation, in any form whatever, for the disbursement of public money, or for any other service or duty whatever, unless the same is authorized by law and the appropriation therefor explicitly states that it is for such additional pay, extra allowance, or compensation.”
In commenting on those two sections the court in that case said:
“ We are of opinion that, taking these sections all together, the purpose of this legislation was to prevent a person holding an office or appointment, for which the law provides a definite compensation by way of salary or otherwise, which is intended to cover all the services which, as such officer, he may be called upon to render, from receiving extra compensation, additional allowances, or pay for other services which may be required of him, either by act of Congress or by order of the head of his Department, or in any other mode, added to or connected with the regular duties of the place- which he holds; but that they have no application to the case of two distinct offices, places, or employments, each of which has its own duties and its own compensation, which offices may both be held by one person at the same time. In'the latter case he is in the eye of the law two officers, or holds two places or appointments, the functions of which are separate and distinct, and, according to all the decisions, he is in such case entitled to recover the two compensations. In the former case he performs the added duties under his appointment to a single place, and the statute has provided that he shall receive no additional compensation for that class of duties unless it is so provided by special legislation.”
The latter clause of that quotation correctly describes the claimant’s services; that is, “he performs the added duties under his appointment to a single place, and the statute has provided that he shall receive no additional compensation for that class of duties unless it is so provided by special legislation,” and as there is no special legislation which authorizes additional compensation to the claimant for the services he performed as such disbursing agent; he is not entitled to recover, and his petition must therefore be dismissed.