## BARTLETT v. UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 259. Submitted February 27, 1905.—Decided March 13, 1905.

The words "waters and shores" of a river as used in §§ 2550, 2551, Rev. Stat., are broad enough to include the whole of a city on those shores and within the limits named. The Collection District of Georgetown includes the whole of the city of Washington, D. C., and the Secretary of the Treasury has no power, general or statutory, under §§ 3657, 3658, Rev. Stat., to appoint, and allow compensation to, a disbursing agent for funds appropriated for building a post office in Washington.

THE facts are stated in the opinion.

*Mr. J. M. Vale* for appellant:

No legislative authorization was required to empower the Secretary of the Treasury to contract with appellant as set out in findings of fact 2 and 3 (Record, pp. 4 and 5); such power is incident to the general sovereignty of the United States. *Dugan* v. *United States*, 3 Wheat. 172; *United States* v. *Tingey*, 5 Pet. 114; *United States* v. *Bradley*, 10 Pet. 343; *Cotton* v. *United States*, 11 How. 229; *United States* v. *Maunce*, 2 Brock. 96.

The duties of appellant as disbursing clerk of the Treasury Department are such as the Secretary of the Treasury may prescribe. They are not otherwise defined by law. The Secretary of the Treasury did not prescribe the duties of disbursing agent for the Post Office, Washington, D. C., as part of or additional to the duties of appellant as disbursing clerk of the Treasury Department. On the contrary the Secretary separates the former from the latter by the terms of appellant's appointment as disbursing agent for the Post Office. Rev. Stat. §§ 173, 174, 176.

The city of Washington, in the District of Columbia, the

place of the location of the public work, was not the place of the location of the port of Georgetown, in the District of Columbia, for the purpose of making disbursements for the Post Office building at the city of Washington. No collector of customs was located at the city of Washington, the place of the public work. Sections 2550, 2551, 3658, Rev. Stat., act of February 11, 1895, 28 Stat. 650.

Appellant is entitled to recover under the authority of: *Converse* v. *United States*, 21 How. 463; *United States* v. *Brindle*, 110 U. S. 688; *United States* v. *Saunders*, 120 U. S. 126.

*Mr. Assistant Attorney General Pradt* and *Mr. Special Attorney Frederick de C. Faust* for the United States:

The Secretary of the Treasury had no power to appoint claimant to the duties specified in the letter of November 27, 1891. Sections 3657, 3658, 255, Rev. Stat. and act of August 7, 1882, 22 Stat. 306, govern the case. As to collector in Washington see §§ 2550, 2551, Rev. Stat., 28 Stat. 650; as to salaried officers of the United States receiving compensation for discharging duties of any other office see §§ 1760, 1763–1765, Rev. Stat.; *United States* v. *Saunders*, 120 U. S. 126.

The act making appropriations for the construction of this post office required the Secretary of the Treasury to disburse the money and did not contain any provision whatever for payment of compensation for such service. 26 Stat. 174, 413; 27 Stat. 351, 573; 28 Stat. 373, 913; 29 Stat. 415; 30 Stat. 13. No office of disbursing agent was created by those acts. In the execution thereof and in conformity with the duty thus conferred, the Secretary of the Treasury appointed the disbursing clerk of the Treasury Department to make these disbursements.

At the time these services were rendered appellant was an officer in the public service, and, as such, was receiving pay or salary as fixed by law. He was the proper officer and the one naturally to be selected for these duties, which, as stated by

the court below, "were not only germane to his regular duties as disbursing clerk, but were identical therewith, and hence they cannot be considered as two distinct offices or employments having different duties.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an appeal from a judgment of the Court of Claims rejecting the claim of the appellant. 39 C. Cl. 338. The claimant while a disbursing clerk of the Treasury Department received a letter from the Secretary of the Treasury, as follows: "George A. Bartlett, disbursing clerk, Treasury Department, Washington, D. C. Sir: You are hereby appointed disbursing agent for such funds as may be advanced to you from time to time on account of the appropriation for post-office, Washington, D. C. You will be entitled to such compensation for the services named as is provided by law, and the same rate of compensation will be allowed on all amounts disbursed by you since October 15, 1891, on account of the appropriation named." Directions followed.

The claimant gave no new bond and took no additional oath of office. He proceeded to disburse nearly two and a half millions of dollars and claims three-eighths of one per cent upon the sum disbursed.

The claimant puts his right to compensation on two grounds, the general powers of the Secretary of the Treasury apart from statute, and Rev. Stat. § 3658. As to the former it is enough to say that whatever power the Secretary might have in the absence of legislation, Congress has dealt with the subject so fully that it is plain that we must look to the statutes alone. Rev. Stat. §§ 1760–1765, 3657, 3658, 255. Act of August 7, 1882, c. 433; 22 Stat. 302, 306. Looking to the statutes, the claimant relies on Rev. Stat. § 3658: "When there is no collector at the place of location of any public work specified in the preceding section [which section specifies post-offices], the Secretary of the Treasury may appoint a disbursing agent

for the payment of all moneys appropriated for the construction of any such public work, with such compensation as he may deem equitable and just." It is urged that there is no collector at Washington, the place of location of the public work concerned.

The statutes as to the collector for Washington are as follows: Rev. Stat. § 2550. "There shall be in the District of Columbia one collection-district, as follows: The district of Georgetown; to comprise all the waters and shores of the Potomac River within the State of Maryland and the District of Columbia from Pomonkey Creek to the head of the navigable waters of that river; in which Georgetown shall be the port of entry." § 2551. "There shall be in the district of Georgetown a collector." It appears from § 2550 that the collection district of Georgetown is more extensive than the city of Georgetown. And this is not changed by the later statute making Georgetown a part of Washington. Act of February 11, 1895, c. 79, 28 Stat. 650. We do not perceive on what ground it is denied that the Washington post office is within this district. The words, "shores of the Potomac River," seem to us broad enough to include the whole of a city on those shores and within the other limits named. "Waters and shores" is the usual phrase in Rev. Stat. Title 34, c. 1, §§ 2517–2612. The words "in which" assume that Georgetown is embraced within the district. If within the district it is so simply because it is on the shores as that word is used in § 2550, and if Georgetown is within it Washington is in it also, on the same ground. The same form of expression and the same assumption constantly recur in other sections. To show still further that collection districts run inland and are not limited to the mathematical line which bounds the water, it may be observed that, while "waters and shores" is the most common expression, a district frequently is declared to include towns; e. g., § 2517, Seventh, Thirteenth; § 2522; § 2531, First, Second; § 2533, First. It may include lands, § 2519; or embrace a county, § 2517, First, Sixth; or

even a State, § 2522. If Washington is within the collection district, then there was a collector at the place of location of the Washington post office, see § 3657, and the authority of the Secretary to appoint a disbursing agent under § 3658 was excluded by its very words.

The claimant does not contend that his case gets any appreciable help from the act of August 7, 1882, c. 433, 22 Stat. 306. That gives the compensation allowed by law to collectors of customs to disbursing agents appointed to disburse any appropriation for any United States post office or other buildings, "not located within the city of Washington." No other statute is relied upon. No doubt the Secretary was under the impression, when the letter was written, that he was making an appointment which would entitle the claimant to distinct compensation for new work and responsibility. He did not regard the claimant as designated to be disbursing agent within the claimant's district under Rev. Stat. § 255, and therefore as not entitled to any additional pay. Rev. Stat. §§ 1764, 1765. But we do not see how the case can be put any higher. It is agreed that the claimant was not appointed to a new office by the Secretary's letter. Therefore no help is to be got from *United States* v. *Saunders*, 120 U. S. 126, 129. The case is a hard one, but we are of opinion that the decision of the Court of Claims was right.

*Judgment affirmed.*