Atkinson, J.,
delivered the opinion of the court:
This case was decided by the court June 10, 1909 (44 O. Cls., 549), and was again presented February 2,1910, upon a motion for a new trial and for amendment of the findings of fact. We have given the motion due consideration, and again decide that the facts are therein correctly stated; but upon more mature reflection (although there is in the minds of some members of the court reasonable grounds for doubt), that we, perhaps, gave a wrong construction or rather too restricted a construction to the scope of the duties of the superintendent of the Government Hospital as defined by section 4839 of the Revised Statutes. Said section, after *170 providing for the necessary qualifications of the superintendent of the Government Hospital for the Insane and fixing his duties generally, provides that “he shall be the responsible disbursing agent of the institution,” etc. And section 4858 reads: “All appropriations of money by Congress for the support of the Hospital for the Insane shall be drawn from the Treasury on the requisition of the Secretary of the Interior and shall be disbursed and accounted for in all respects according to the laws regulating ordinary disbursements of public money.”
We can find nothing in the statutes relating to this hospital which restricts the superintendent’s authority as its disbursing officer of the public funds appropriated by Congress to its support or maintenance only and not for any and all other purposes as well. Congress seems to have made no distinction between appropriations for the maintenance and the extension of the institution. On the contrary, the sundry civil bill of June 6, 1900 (31 Stats., 588, 619), under the head of “ Government Hospital for the Insane,” contains appropriations for current expenses, for certain specific repairs, for the construction of a central storehouse and refrigerator, for a water tower, pump house, cold-storage plant, new kitchen, new fencing, constructing roadways, and “ for an extension of the hospital sufficient to provide for 1,000 patients.” (The larger portion of this latter item was disbursed by claimant.)
It appears from the superintendent’s report for the year ending June 30, 1902, that he, during that year, not only disbursed all the funds for the maintenance of the institution, but he also disbursed the sum of $32,312.13 for buildings, and had left on hand and available for building purposes $190,898, which was turned over to the claimant in this case as special disbursing officer, designated by the Secretary of the Interior for that purpose. (H. Doc., vol. 21, Book No. 4647, pp. 357-359; also Book No. 4800, pp. 209-211.)
In Bartlett's case (39 C. Cls., 338, 344), which was affirmed by the Supreme Court (197 U. S., 230), this court decided that the Secretary of the Treasury was without authority to appoint a special disbursing agent in the customs district, *171 because that duty was incumbent upon an officer created by law for that purpose. Inasmuch, therefore, as the superintendent of the Hospital for the Insane was made by section 4839, Revised Statutes, its legally constituted disbursing officer, he was the proper person to disburse the appropriation under consideration.
Independently, however, of the views above expressed, as was stated in our former opinion, as claimant, at the time he as appointed a special disbursing agent, was already in the employment of the Government at a fixed salary of $3,000 per annum, he is precluded, under Revised Statutes, section 1765, from receiving “ any additional pay,' extra allowance, or compensation in any form whatever for the disbursement of public money, or for any other service or duty whatever, unless the same was authorized by law and the appropriation therefor explicitly states that it is for such additional pay, extra allowance, or compensation.” And as there is no law authorizing such additional compensation and no explicit appropriation therefor the claimant, under the recent decision in the Woodwell case (214 U. S., 82), is not entitled to recover.
In conformity to what we have herein stated, the motion for a new trial and to amend the findings is overruled.