## MARCHAND v. FRELLSEN.

1. Where an order directing the seizure and sale of lands in Louisiana, whereon the vendor retained his lien and privilege, has been made in a proceeding to enforce the payment of an instalment of the purchase-money, and an appeal is taken, the surety on the bond is liable for the claim sued on.

2. The pendency of proceedings on appeal does not render void an order of another court of competent jurisdiction for the seizure and sale of the lands to satisfy a subsequent instalment, nor does the payment of the first bond satisfy that given on appeal from the second order.

3. The application of the proceeds of the sale under the first order to satisfy, pursuant to its requirements, the several instalments *pro rata*, does not discharge the surety from the payment of the unpaid balance, for which he was otherwise liable.

ERROR to the Circuit Court of the United States for the District of Louisiana.

On Dec. 31, 1863, Frellsen sold to Fairex a plantation in St. Charles Parish, in the State of Louisiana, for the consideration of $133,000, of which Fairex paid $3,000 in cash, and the residue he agreed to pay in annual instalments, bearing interest and falling due respectively on the first day of May in every year for eleven years. He executed and delivered to Frellsen his promissory notes for the principal of these deferred payments, and also notes for the interest to accrue thereon. In the authentic act by which Frellsen conveyed the property to Fairex he reserved his vendor's privilege.

On May 19, 1869, Frellsen applied to the Seventh District Court of the Parish of Orleans for an order of seizure and sale, to be directed against the plantation, to satisfy the two notes given for the instalment of the purchase-money which fell due on May 1, 1869, — one for $11,000 principal money, and the other for $5,390 interest. The writ as prayed for was issued, but its execution was suspended by an appeal taken by Fairex to the Supreme Court. The bond for the appeal was in the penalty of $26,000, and Marchand was the surety. The condition of the bond was as follows: "Now the condition of the above obligation is such that the above-bound Daniel Fairex shall prosecute this appeal and shall satisfy whatever judgment

may be rendered against him, or that the same shall be satisfied by the proceeds of the sale of his estate, real or personal, if he be cast in the appeal; otherwise that the said Marchand, surety, shall be liable in his place." The Supreme Court affirmed the order of the Seventh District Court directing the writ of seizure and sale to issue, and gave judgment against Fairex for ten per cent on the amount of the two notes which were the basis of the writ of seizure and sale, on account of his frivolous appeal.

While the appeal was pending, the two notes, one for $11,000, principal, and the other for $4,620, interest, maturing May 1, 1870, became due and were not paid. Thereupon, to satisfy them, Frellsen, on May 18, 1870, obtained from the Fifth District Court for the Parish of Orleans, on his petition, an order of seizure and sale directed against the plantation. On May 26, 1870, Fairex appealed to the Supreme Court from this order, and gave bond with Marchand, as surety, for the appeal in the penalty of $23,000. It was conditioned precisely as that on the former appeal.

Fairex died Aug. 26, 1871, and the administratrix of his estate was made party to the appeal in the Supreme Court.

On Jan. 19, 1874, the Supreme Court made the following decree upon this appeal: " The court, therefore, orders that the plaintiff and appellee recover from the defendant five hundred dollars as damages for a frivolous appeal, and that the appeal be dismissed at the costs of the appellant."

While the appeal from the Fifth District Court was pending in the Supreme Court, that court having affirmed the order of seizure and sale made by the Seventh District Court, Frellsen, on Nov. 28, 1871, applied to the last-named court for an *alias* order of seizure and sale, to satisfy the two notes which matured May 1, 1869, the amount due on which was $16,390. The court directed the writ to issue, and by virtue of it the plantation was sold by the sheriff to Frellsen, the original vendor, for $40,000. This sum, by order of the court, was applied *pro rata* on all the notes for the purchase-money of the plantation remaining unpaid. After the notes which were the basis of the proceedings in the Fifth District Court were thus credited, there remained due thereon $8,595, and after

the credit was applied to the notes which were proceeded on in the Seventh District Court, there remained due thereon $13,342.

On May 21, 1872, a rule was taken on Marchand in the Seventh District Court to hold him liable upon the bond for the appeal taken from that court. Judgment was demanded against him on the bond for the balance, $13,342, due on the notes which had been proceeded on in that court; and for $1,639, the judgment for damages for the frivolous appeal, rendered by the Supreme Court. Upon the trial of this rule the Seventh District Court entered judgment against Marchand for $1,639, the damages for the frivolous appeal, and for interest and costs, amounting to $1,900, and dismissed the rule as to the residue of Frellsen's demand. Marchand paid, Dec. 3, 1873, the sum of $1,900, which he was condemned to pay, and it was accepted by Frellsen in full satisfaction of the judgment rendered as aforesaid.

After all these proceedings, on May 8, 1876, a rule in the Fifth District Court was taken against Marchand by Frellsen, who alleged that on the demand upon which he had obtained the order for seizure and sale in that court, a balance of $8,595 was due, with interest at the rate of eight per cent per annum from Feb. 3, 1872; that the property, subject to executory judgment, had been sold pursuant to an order and judgment of the Seventh District Court; that Fairex had no other property which could be found by the sheriff to satisfy the demand; and that he was dead and his estate insolvent. Marchand was required to show cause why he should not be condemned, by reason of his suretyship on the bond for the appeal from the order of seizure and sale made by that court, to pay that balance with interest, and $500, the damages adjudged for a frivolous appeal. This suit was removed by Marchand to the Circuit Court of the United States for the District of Louisiana, where the rule was made absolute, and judgment rendered against him for $8,595, with interest thereon, and also for the sum of $500, the above-mentioned damages.

This writ of error is prosecuted by Marchand to review that judgment.

The cause was argued by *Mr. Charles W. Hornor* for the plaintiff in error, and by *Mr. Philip Phillips* and *Mr. W. Hallett Phillips* for the defendant in error.

MR. JUSTICE WOODS, after stating the case, delivered the opinion of the court.

The first contention of the plaintiff in error is that the court below erred in the construction which it gave to the appeal-bond executed by him for the appeal taken from the order of the Fifth District Court. He insists that the obligation which he thereby assumed was to pay for the use and detention of the property pending the appeal, just damages for delay, costs of suit, and costs and interest on the appeal, and that he did not bind himself to pay the debt to satisfy which the writ of seizure and sale had been ordered.

We find no warrant for this construction of the bond in the decisions of the Supreme Court of Louisiana, which interpret the articles of the code by virtue of which the bond was exacted.

Bonds for appeal from an order directing a writ of seizure and sale are given by virtue of the provisions of articles 575 and 579 of the Louisiana Code of Practice. *Alley v. Hawthorn,* 1 La. Ann. 122; *Cottman v. Ratliff,* 20 id. 179; *State, ex rel. Bankhead, v. Judge of the Fourth District Court,* 22 id. 116.

These articles are as follows: —

"ART. 575. If the appeal has been taken within ten days, not including Sundays, after the judgment has been notified to the party cast in the suit, when such notice is required by law to be given, it shall stay execution and all other proceedings until definitive judgment be rendered on the appeal: *Provided,* the appellant gives his obligation with good and solvent security, residing within the jurisdiction of the court, in favor of the clerk of the court rendering the judgment, for a sum exceeding by one-half the amount for which the judgment was given, if the same be for a specific sum, as security for the payment of the amount of such judgment, in case the same is affirmed by the court to which the appeal is taken. . . .

"ART. 579. In the appeal-bond it must be set forth in substance that it is given as security that the appellant shall prosecute his ap-

peal, and that he shall satisfy whatever judgment may be rendered against him, or that the same shall be satisfied by the proceeds of the sale of his estate, real or personal, if he be cast in his appeal, otherwise, that the surety shall be liable in his place."

It is evident from an inspection of the bond, which is the basis of this suit, that it was given under these articles.

The authentic act whereby Frellsen conveyed the plantation to Fairex, and the latter agreed that the plantation should be subject to the vendor's lien for the payment of the notes given for the purchase-money, imported a confession of judgment in favor of Frellsen by Fairex for the amount of said notes respectively as they severally fell due. When, therefore, Fairex, the mortgagor, appealed from an order of the court directing a writ of seizure and sale to satisfy such of the notes as were then due and unpaid, he suspended the execution of a judgment against him, and the surety on the appeal-bond became bound for the debt. That such is the effect of the bond for appeal in cases of this class has been repeatedly decided by the Supreme Court of Louisiana.

In *Whann* v. *Irwin* (27 La. Ann. 706), that court said: " It is contended that the proceeding against the surety was premature, as only the property mortgaged had been sold under the writ, and no execution had been issued against the judgment debtor, and returned *nulla bona*. If this proposition be correct, to require a bond for an appeal from an order of seizure and sale is an idle form.

" Article 575 of the Code of Practice, and article 37 of the Revised Statutes of 1871, justify the mode of proceeding in this case. The only execution which it was possible for the judgment creditor to cause to be issued, was issued and returned not satisfied. The requirements of the law were substantially complied with. The surety knew that under the executory process no other property could be sold except that which was included in the mortgage, and when he stopped that by signing the appeal-bond, he obligated himself to pay the amount of the judgment for which the writ had issued, if affirmed on appeal.

" By reason of the nature of the judgment no execution could be taken out, after the return of the order of seizure and

sale, which could reach the property of the debtor, and, there-fore, the plaintiff had the right to proceed against the surety on the appeal-bond. A different interpretation of the law would make of judicial suretyship a mere farce, the commencement rather than the end of litigation."

The rule thus laid down was reaffirmed in the case of *Landry* v. *Victor*, 30 La. Ann., Part 2, 1041.

So in *Thompson* v. *Grow*, not reported, it was held that the surety on a bond given for a suspensive appeal from an order of seizure and sale is liable for the amount of the mortgage claim sued on. See Louque's Digest, title Appeal, III. e. 4, p. 39. We have been able to find no conflicting decisions.

This interpretation of the local law and of the construction of bonds executed pursuant to its provisions is binding on this court, and leaves no ground for the contention now under consideration to stand on.

It is next insisted by the plaintiff in error that all the proceedings in the Fifth District Court, in which the bond sued on in this case was given, were absolutely void, and, therefore, that the bond was also void.

The reason for this contention is stated to be that Frellsen having begun his proceedings for seizure and sale in the Seventh District Court on the notes which matured May 1, 1869, the institution of a similar proceeding on other notes of the same series, subsequently falling due, in the Fifth District Court, was an illegal and oppressive act. It is asserted that "all the proceedings in the Seventh District Court were regular and legal, whilst all those in the Fifth District Court were null and void on account of the error produced in the minds of the judges of the Supreme Court and the Fifth District Court by the action of Frellsen in withholding from them knowledge of the pendency of the suit in the Seventh District Court."

It is not disputed that the subject-matter of the proceedings in the Fifth District Court was within its jurisdiction, and that the parties were before it. Its proceedings, therefore, however erroneous, cannot be null and void. In passing upon this point it is only necessary to apply the rule laid down by this court as an axiom of the law, that the validity of a judgment cannot be questioned collaterally for errors which do not affect

the jurisdiction of the court which rendered it. *Cooper* v. *Reynolds*, 10 Wall. 308.

The complaint seems to be this: that in the proceeding in the Fifth District Court, Frellsen, on whose appeal-bond Marchand became surety, had a good defence against the order or judgment rendered in that case, if he had only taken the trouble to make it. But the fact that he did not make it, and that his antagonist did not make it for him, does not render the judgment void, the court having unquestioned jurisdiction to make orders for seizure and sale, and the mortgagor being present in court to resist it.

It is further insisted that the payment by Marchand of the judgment for $1,900, rendered against him by the Seventh District Court upon the appeal-bond given for the appeal from the order of that court, is also a satisfaction of any claim on the appeal-bond signed by him in the Fifth District Court for the appeal from the order of that court allowing the writ of seizure and sale for the satisfaction of other notes of Fairex.

If, as decided by the Supreme Court of Louisiana, the appeal-bond in such cases is a security for the payment of the notes on which the application for the order of seizure and sale is based, it is plain that the satisfaction of a bond for an appeal on one note cannot be a satisfaction of another bond for another appeal on a different note. Each note is a separate cause of action, and the satisfaction of one does not necessarily imply the satisfaction of another.

Lastly, article 3061 of the code of 1870 is relied on for a reversal of the judgment below.

That article declares,—" The security is discharged when, by the act of the creditor, the subrogation to his rights, mortgages, and privileges can no longer be operated in favor of the surety."

The defence founded on this article is thus set forth in the answer filed by Marchand to the rule taken on him in the Fifth District Court: " Said plaintiff has by his acts made it impossible and placed it beyond the power of respondent to satisfy the alleged order of seizure and sale herein, or the alleged decree on appeal therefrom ; that said plaintiff, without respondent's consent, has, by his said acts, impaired respon-

dent's rights to subrogation, and respondent is thereby released from any liability, if any existed, which is denied."

It is sufficient to say in reply to this contention, that the mortgage to which Marchand claims the right of subrogation has been enforced, and the proceeds of the mortgaged property applied *pro rata* to the satisfaction of the claim for which he is surety. If he had been actually subrogated to the rights of Frellsen, under the mortgage, he could have secured nothing more. He has not been injured. He has lost nothing by the foreclosure of the mortgage. It has resulted to his advantage in the reduction of the debt for which he is surety, and is no ground for his discharge from the unpaid balance.

*Judgment affirmed.*