## GRAHAM v. FITCH.

ATTACHMENT; EXECUTORS AND ADMINISTRATORS.

An executor or administrator of a judgment debtor to the defendant in an attachment which seeks to reach and have condemned goods, chattels and credits for the satisfaction of the debt, is not liable to garnishment, under the act of Maryland of 1715, Ch. 40, while the estate is in course of administration and before the assets are ascertained and ready for distribution to creditors.

No. 853. Submitted November 23, 1898. Decided December 9, 1898.

HEARING on an appeal by the plaintiff in attachment from a judgment entered upon a verdict directed by the court. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Creed M. Fulton* and *Mr. W. W. Edwards* for the appellant.

*Mr. Andrew Wilson* and *Mr. N. W. Barksdale* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

It appears that Neil F. Graham, the appellant, recovered

judgment before a justice of the peace against Horace J. Gray for $200, with interest from April 4, 1896, and $1.10 cost; and a copy of which judgment was filed in the clerk's office of the Supreme Court of this District, under Sec. 1022, R. S. D. C., for the purpose of creating a lien, and the award of execution; and upon which judgment so filed, the plaintiff therein, on October 13, 1897, directed an attachment by way of execution to issue, to be laid in the hands of William S. Fitch, executor of William W. Dedrick, as garnishee. The attachment accordingly issued, commanding the officer to attach the lands, tenements, goods, chattels and credits of the defendant Gray, if any such should be found, of value to pay and satisfy the judgment, and have the same before the court, at the time designated, to be condemned, etc. By the writ, the officer was required to warn the garnishee to appear to show cause why judgment of condemnation should not be rendered on the return of the marshal. The marshal's return was—"attached credits in the hands of W. S. Fitch, executor of estate of William W. Dedrick, deceased, and served him with copy of this writ, and of rule of court and interrogatories, as garnishee of defendant."

Fitch, the executor, summoned as garnishee, appeared and entered a demurrer to the attachment, upon the ground that he, as executor, was not liable to garnishment, and to have judgment of condemnation entered against him, in his character of executor, in respect of a debt alleged to be due from his testator to the judgment debtor in the attachment. The demurrer was overruled, and the executor required to answer the interrogatories as to credits. He denied that he was indebted to Gray, the defendant in the attachment; and he also denied that judgment of condemnation could legally be entered against him as executor of Dedrick, to affect assets in his hands as such executor.

The case was brought to trial, and it was shown in proof that Gray had recovered a judgment against Dedrick, since

deceased, for $150 and costs, April 4, 1896. But there was no proof whatever offered to show the condition of the estate of Dedrick, whether solvent or insolvent, or in what proportion the assets would pay the debts of the estate, or what amount of assets remained in the hands of the executor, if any. Upon that state of the case the plaintiff rested.

The defendant garnishee demurred to the evidence, and prayed the court to direct the jury to return their verdict for the defendant garnishee, which prayer was granted and the jury directed accordingly; to which ruling the plaintiff excepted.

The first and principal question in the case is, whether an executor or administrator of a judgment debtor to the defendant in an attachment which seeks to reach and have condemned goods, chattels and credits for the satisfaction of the debt, is liable to garnishment while the estate is in course of administration and before the assets are ascertained and ready for distribution to creditors.

The attachment was by way of execution on a judgment, and was sued out under Section 7 of the old Maryland act of 1715, Ch. 40. By that section of the act it is provided, that the plaintiff in a judgment may, instead of other execution, "take out an attachment against the goods, chattels and credits of the defendant in the judgment, in the plaintiff's own hands, or in the hands of any other person or persons whatsoever; which said attachment shall have a clause, commanding the sheriff, etc., 'to make known to such person in whose hands or possession the said goods, chattels and credits of the defendant shall be attached, that, he be and appear in court at the return of the attachment, to show cause, if any he may have, why the said goods, chattels and credits so attached should not be condemned and execution thereof had and made, as in other cases of recoveries, and judgments in courts of record;'" and if the party or parties so warned fail to appear, the court "shall and may condemn the said goods, chattels and credits, so

attached, and award execution thereof to be made, etc., as the said plaintiff might have had against the defendant himself on the judgment aforesaid." And by Section 4 of the same statute, it is provided, that no sheriff shall levy, by way of execution, against the garnishee any more than the plaintiff's debt and costs, nor against any garnishee more than what the plaintiff in said action shall make appear to the court to be the said goods, chattels and credits of the said defendant in each respective garnishee's hands, together with costs, etc.

It is very apparent that it is not the intent or purpose of the statute to obtain by judgment of condemnation a mere personal judgment against the garnishee in whose hands the goods, chattels and credits may be found; but the judgment of condemnation, as authorized by the statute, is, in its nature and characteristics, a judgment *in rem.* It is against the property or thing attached, in the hands of the garnishee. But after judgment of condemnation entered, as to the rights and credits attached and condemned in the hands of the garnishee, the execution goes against the garnishee as upon a judgment *in personam.*

In the long period of nearly two hundred years since the passage of this statute, and during the whole of which time it has been in constant practical operation, the Maryland reports of cases, decided upon this statute, do not furnish a single instance, that we have been able to find, where it has been even attempted to maintain an attachment, by way of execution, and to obtain judgment of condemnation, against an executor or administrator, to affect and subject to the satisfaction of such judgment, the assets in his hands belonging to the estate represented by him, during the course of the administration and before its completion. This fact alone furnishes a strong argument, at this day, against the right to maintain an attachment in such case. But in the nature of things, a judgment of condemnation and execution thereon, as provided by the

statute, can not be made effectual, without seriously inter-
fering with the regular course of administration of the
estate, and withdrawing property from its. regular course of
administration, as prescribed by the law; and in many cases
to the great hinderance and detriment of the rights of third
parties interested in the administration.  It has been re-
peatedly held by the Maryland courts, that funds or prop-
erty in the hands of trustees can not be reached by
attachment, except where the trust has been completely
executed, and the amount due the debtor in the attachment
is fully and definitely ascertained, as distinguished from all
other claims upon the fund.  *Farmers' Bank* v. *Beaston,* 7
G. & J. 421; *Cockey* v. *Leister,* 12 Md. 124; *Groome* v. *Lewis,*
23 Md. 137.  Indeed, if the principle contended for by the
appellant in this case were sustained, it would not only em-
barrass and delay the settlement of estates, but would often
draw them from courts of probate and administration,
where they ought to be settled, before the courts of common
law, which would have no power to adjust and settle the
accounts of the executor or administrator.  Such an inter-
ference might produce much inconvenience, and prevent
the executor from executing his office as the law directs.
This is the reason assigned in a great number of cases for
holding executors and administrators not to be liable to
garnishment by attachment; and it is stated with great
force by the court, in the case of *Winchell* v. *Allen,* 1 Conn.
385.  See, also, *Young* v. *Young,* 2 Hill (S. C.), 425 ; *Thorn-
hill* v. *Christmas,* 11 Robinson, (La.), 201, to the same effect.

In Pennsylvania the question was very elaborately and
ably considered, many years ago, in the case of *Shewell*
v. *Keen,* 2 Whart. 332.  After stating many considerations
to show the impropriety of allowing the attachment to be
maintained, the court said:

"Another circumstance of weight is, that an executor or
administrator is, to a certain extent, an officer of the law,
clothed with a trust to be performed under prescribed regu-

lations. It would tend to distract and embarrass those officers, if, in addition to the ordinary duties which the law imposes, of themselves often multiplied, arduous and responsible, they were drawn into conflicts created by the interposition of creditors of legatees, and compelled to withhold payment of legacies without suit; to suspend indefinitely the settlement of estates; to attend, perhaps, to numerous rival attachments; to answer interrogatories on oath, and to be put to trouble and expense for the benefit of third persons, in no way connected with the estate, nor within the duties of their trust. It has been decided that money in the hands of a prothonotary or sheriff can not be intercepted by a creditor of the party entitled to it; but it must be paid over to himself only. The case of an executor or administrator is analogous to that of a sheriff or prothonotary. He has the funds in his hands as an officer or trustee authorized by law; and if a new party were allowed to levy on it by attachment, there would be no end of disputes and lawsuits; and no business could be certain of ever being brought to a close within a reasonable time. It is of great importance to the interest of heirs, creditors and legatees, that the affairs of a decedent's estate be kept as simple and distinct as possible, that its concerns be speedily closed and the estate adjusted. It is, moreover, settled that an executor can not be sued as defendant, in an attachment by a creditor of the testator, and the goods of the testator attached to recover the debt. The reason is, that the estate of the testator ought to come into the hands of the executor, that he may administer it according to law, and pay the debts if the assets suffice; and they ought not to be stopped, and the executor subjected to new responsibilities, by proceedings in attachment. These reasons apply with equal force to the attempt to make an executor garnishee, for the purpose of paying out of the assets in his hands the debt due to a creditor or a legatee. These funds must travel only in the path pointed out by the law re-

lating to decedents' estates, in their various branches, and can not be diverted out of that path without interfering with salutary regulations, and violating some of the most important provisions of the acts of Assembly."

This reasoning of the Supreme Court of Pennsylvania commends itself strongly to our judgment; and in the absence of any binding authority to the contrary we think it should be controlling in this case. There is not, however, an entire absence of authority in this District upon this question. The cases of *Patterson* v. *McLaughlin,* 1 Cranch C. C. 352, and *Henderson* v. *Henderson,* 5 Cranch C. C. 469, maintain the doctrine of non-liability of executors and administrators to garnishment for debts due from the estates represented by them.

It is very clear that Gray, the judgment creditor of Dedrick, could not have maintained an attachment and procured judgment of condemnation of the goods and chattels of the deceased in the hands of his executor or administrator; and that being so, it is well settled that an attaching creditor can only obtain the rights and credits of his debtor in the hands of the party garnished by the attachment. The attaching creditor, in the absence of fraud, can stand in no better position nor upon any more advantageous ground than the debtor himself in the attachment can occupy or maintain, as against the executor or administrator of his debtor whose assets are sought to be condemned for the satisfaction of the debt. If the debtor in the attachment has no right to proceed by way of attachment against the executor or administrator of his debtor, the creditor of the debtor in the attachment has no such right. The right of the attaching creditor is not superior to that of his debtor to have condemnation of the rights and credits of the debtor, the defendant in the attachment, in the hands of the executor of the deceased debtor of the latter, to satisfy the attachment debt.

We are of opinion that the court below was entirely right,

as well upon the ground that the attachment wonld not lie against an executor as garnishee, as that there was no evidence of assets in the hands of the executor liable to condemnation, in directing a verdict for the garnishee, and the judgment must therefore be affirmed.

*Judgment affirmed.*