# MACFARLAND *v.* SAUNDERS.

FINAL JUDGMENTS AND DECREES; CONDEMNATION PROCEEDINGS.

1. A court has the power, after the expiration of one or more terms at which a judgment or decree has been entered, to open or vacate it if such judgment or decree be void.

2. An order in a condemnation proceeding under the act of Congress of March 3, 1899, sec. 5, and D. C. Rev. Stat. chap. 11, confirming the verdict of a jury of seven, is void where the owner of property embraced in the verdict has filed exceptions thereto, as the latter statute provides that, if any owner shall be dissatisfied with the verdict of the jury of seven, a second jury of twelve shall be summoned, whose award shall be conclusive (following *Brown* v. *Macfarland*, 19 App. D. C. 525, and *Todd* v. *Macfarland*, 20 App. D. C. 176); and, being void, such an order may be set aside, so far as one of the exceptants is concerned, although the term of court at which it was made has expired.

No. 1495.    Submitted April 13, 1905.    Decided April 18, 1905.

HEARING on an appeal by the commissioners of the District of Columbia from an order of the Supreme Court of the District of Columbia vacating an order confirming a verdict in condemnation proceedings.    *Affirmed.*

The COURT in the opinion stated the case as follows:

This is an appeal by the commissioners of the District of Columbia from an order made by the supreme court of the District of Columbia sitting as a district court, setting aside, vacating, and annulling an order confirming a verdict, award, and assessment in *Re Extension and Widening of Sherman Avenue,* entered and filed October 2, 1901.

The record discloses that the commissioners of the District

of Columbia were directed by section 5 of an act of Congress approved March 3, 1899, entitled "An Act for the Extension of Pennsylvania Avenue Southeast, and for Other Purposes" (30 Stat. at L. 1381, chap. 461), to institute by a petition in the supreme court of the District of Columbia sitting as a district court, a proceeding to condemn the land necessary for the extension and widening of Sherman avenue from Florida avenue to Whitney avenue, with the uniform width of 100 feet.

Agreeable to the provisions of said act, the commissioners of the District of Columbia, on the 31st day of May, 1899, filed a petition in the supreme court of said District sitting as a district court, praying that the court direct the marshal of the District of Columbia to summon a jury of seven judicious, disinterested men, not related to any party interested, to be and appear on the premises on a day specified, to assess the damages, if any, which each owner of land through which Sherman avenue was to be extended and widened would sustain by reason of such extension and widening, and that such other and further orders might be made and proceedings had as were contemplated by said act of Congress and by chapter 11 of the Revised Statutes of the United States relating to the District of Columbia, to the end that a permanent right of way for the public over the aforesaid land might be obtained and secured for the extension and widening of Sherman avenue.

Upon consideration of this petition the said court, on the 16th day of September, 1899, passed an order requiring all persons interested to appear in said court on or before the 2d day of October, 1899, and show cause why the prayer of said petition should not be granted, and why the proceeding directed in said act of Congress should not be taken. Pursuant to such order a jury was summoned, impaneled, and sworn, and thereafter proceeded in accordance with the provisions of said chapter 11 of the Revised Statutes of the United States relating to the District of Columbia; and having been upon the premises, the said jury, on the 1st day of May, 1900, made out their written verdict, which was signed by a majority of the jurors, and on the 9th day of May, 1900, said verdict was filed in said court.

After this verdict was filed, but before any action was taken on it by the court, the act of March 3, 1899, under which the proceedings were being had, was held by this court to be unconstitutional. *Davidson* v. *Wight,* 16 App. D. C. 371. From such decision an appeal was taken to the Supreme Court of the United States, which, in May, 1901, handed down its decision holding that the act was constitutional. *Wight* v. *Davidson,* 181 U. S. 371, 45 L. ed. 900, 21 Sup. Ct. Rep. 616. Thereupon proceedings were resumed in the supreme court of the District, and an order nisi was entered, confirming the verdict and requiring all interested parties to appear and show cause on a day certain why such verdict should not be finally ratified and confirmed by the court. In response to such order this appellee, Lorin M. Saunders, on July 22, 1901, filed the exceptions to the verdict which will later on be referred to. An order, after argument by counsel, and consideration by the court, was entered overruling the exceptions and finally ratifying and confirming the verdict, award, and assessment in all respects. From this order an appeal was taken by appellee to this court October 22, 1901. For reasons unnecessary to be stated the appeal was not prosecuted by this appellee, who, however, on October 13, 1903, filed a motion in the cause praying that the order of October 2, 1901, confirming the verdict in so far as it affected his property, be set aside and vacated, and for such other and further relief as the nature of the case might require. The petition upon which the motion was based purports to have been verified July 23, 1903. At the time of filing the motion, notice was given the counsel for the District that the court would be asked on October 15, 1903, to dispose of the exceptions, and the clerk of the court was requested to enter the appeal in the case as withdrawn. The motion came on for hearing, and, after argument, the court below, on August 16, 1904, decreed that the judgment or decree of October 2, 1901, be vacated and annulled, in so far, and only so far, as it applied to and affected the assessments for benefits against the lands belonging to the appellee. The decree contained this proviso: "This decree, however, to be without prejudice to any right the petitioners, the

commissioners of the District of Columbia, may have to pro-
ceed further, under and in accordance with the opinion of the
court of appeals in the cases of *Brown et al.* v. *Macfarland et
al.,* and *Todd et al.* v. *Macfarland et al.,* which appeals were
taken from said decree of October 2, 1901."

*Mr. Andrew B. Duvall,* Corporation Counsel, and *Mr. A.
Leftwich Sinclair,* Assistant, for the appellants.

*Mr. Leo Simmons* for the appellee.

Mr. Justice DUELL delivered the opinion of the Court:

The assignments of error upon which this appeal is to be
considered are as follows:

1. In not overruling and denying the petition or motion filed
by appellee on October 13, 1903.

2. In holding that the order passed on the 2d day of October,
1901, confirming the verdict of the jury, was null and void.

3. In vacating and setting aside said order in so far as it af-
fected the appellee's property.

4. In declaring the assessments levied against appellee's
property illegal, null, and void.

These exceptions in reality present but one question for our
consideration, and that is as to the power of the court below to
vacate the order of October 2, 1901. If that order be held to be
void it will be found to be unnecessary to consider certain ques-
tions raised by appellants as to the laches of the appellee, and
the effect of appellee's alleged collection of the damages award-
ed him in these very proceedings. In any event, however, the
latter question need not be passed on, for the record is silent on
the subject, and we cannot go outside of it. As to the question
of laches, it seems to be conceded by appellants that a court has
power, after the expiration of one or more terms at which a
judgment or decree was entered, to open or vacate it if such
judgment or decree be void. If, therefore, the order or decree
herein which was vacated and set aside was void, by reason of

the absolute right of appellee to have a new jury summoned,. should he so elect, and he properly exercised and made known his desire by filing his exceptions, then this case is within narrow bounds. In view of the prior decisions of this court relating to the very same order or decree of October 2, 1901, we are constrained to hold that the court below committed no error in making the decree or order of August 16, 1904, which is here complained of.

In *Brown* v. *Macfarland,* 19 App. D. C. 525, this court, in referring to the very same proceedings in which the decree or order of October 2, 1901, was entered, said: "The whole proceeding is strictly statutory, and it must be affirmatively shown that all the provisions of the statutes that apply to the proceedings have been substantially complied with. Otherwise the whole proceeding would be void and without effect." Were all the provisions of such statutes substantially complied with? If not, under the authority of the case last referred to we must hold that the decree or order of October 2, 1901, was not merely voidable, but void, by reason of the fact that is not controverted that a second jury of twelve was not summoned as required by the statute applicable to the proceeding. The facts being as stated, we find that this court has clearly stated the fatality of the omission to summon the jury in *Brown* v. *Macfarland,* 19 App. D. C. 525, which was followed in *Todd* v. *Macfarland,* 20 App. D. C. 176. In the latter case the court quoted, with approval, what had been said in the former, "that upon the filing of the exceptions to such verdict" (being the same verdict to which this appellee filed his exceptions) "it at once became the duty of the authorities, if they desired to proceed in the work of condemnation, to order the marshal to summon a jury of twelve, as directed by section 263 of chapter 11, United States Revised Statutes relating to this District; and that there was no duty resting upon the exceptants to demand a jury of twelve to be summoned, but it was the duty of the commissioners to take such action." That being so, this appellee, having filed his exceptions, was under no obligation to do more. No second jury having been caused to be summoned by the com-

missioners, the decree or order of October 2, 1901, could not be enforced against this appellee, and no laches could be predicated against him, no matter how long he waited. He could move to vacate it at any time, or he could wait until an attempt was made to enforce it, and then resist such enforcement so far as it related to his property. For the reasons stated, and upon the authorities cited, the decree was void against this appellee.

A question has been raised as to the sufficiency of the exceptions filed by appellee to entitle him to put upon the commissioners the burden of having summoned the second jury. Upon examination of the exceptions we find them the same as those filed in *Todd* v. *Macfarland,* 20 App. D. C. 176, and we consider their sufficiency has been affirmed by the action of this court.

A further consideration of the contentions of the appellants seems unnecessary. The court below in vacating the former decree reserved the right of the commissioners to take such further proceedings in the matter in accordance with the opinions of this court in the cases heretofore referred to by us.

In our opinion no error was committed by the court below in vacating the order of October 2, 1901, and the order of August 16, 1904, must therefore be affirmed, with costs. And it is so ordered.                                   *Affirmed.*