## PRICE IRON & STEEL CO. v. BURNET,
### Commissioner of Internal Revenue.
### No. 5040.

Court of Appeals of District of Columbia.
Argued Nov. 5, 1930.
Decided Dec. 1, 1930.

George E. H. Gardner, of Washington, D. C., for appellant.

Sewall Key, C. M. Charest, J. Louis Monarch, S. Dee Hanson, and F. E. Mitchell, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice.

Appellant, an Illinois corporation, appealed from a decision of the United States Board of Tax Appeals denying a reduction in its taxes for the year 1920. It appears that during the years 1918, 1919, and 1920, appellant was engaged in the business of buying and selling scrap metal, with its principal office in Chicago, Ill. Its return for taxes for the year 1920 was on the accrual basis. It reported in that year all the items of income appearing on its books. and deducted all allowable costs and expenses.

During 1918, 1919, and 1920, appellant purchased large quantities of scrap metal from the Director General of Railroads and the New York Central Railroad Company. In 1924, the Director General and the railroad company, through their attorneys, demanded from appellant $80,000 on account of the wrongful classification and grading of scrap metals which appellant had purchased from them. The claim was disputed and a settlement was arrived at in March, 1925, under which appellant paid the amount of $35,000; and a full discharge of all claims and demands by the railroad company and the Director General was given the appellant.

Appellant then filed with the Commissioner of Internal Revenue a claim for refund, in which he sought to deduct the $35,000 paid in 1925, as additional cost for goods sold in 1920. This claim was denied by the commissioner on the theory that appellant's contracts and purchases in 1920 had been fully executed in that year, and that this claim could not attach back to the transactions of that year. Appellant then amended its petition and sought a review before the board of the commissioner's final determination of the deficiency, requesting that $17,742.12 of the $35,000 be allowed as additional cost of goods sold for 1920, the balance applying to the years prior to that date.

It will be observed that the question here presented is whether or not this amount, first demanded in 1924, and finally settled and paid in 1925, is a proper deduction as a part of appellant's costs of goods sold in 1920.

The return made by appellant in 1920 on the accrual basis was complete for that year. The amount paid in 1925 could not be considered as an additional purchase price but as a liability of the petitioner for a wrongful classification of the goods purchased in 1920. The goods purchased in 1920 were fully paid for according to the classification recognized at that time. In other words, the 1920 return was a complete statement, from the books of the company, of the cost of the goods under the prevailing classification. This action, therefore, is not to correct any error in the 1920 return. What occurred in 1925 was an additional payment due to a mistake in classification and grading of the scrap iron, a liability which occurred in 1925, and not in 1920. It constituted a separate transaction growing out of the dealings of 1920. At most, it constituted an item which, if deducti-

922

ble at all, would belong in the return for 1925, and not for 1920, and could not, we think, relate back to the 1920 return in such manner as to be regarded as an additional part of the purchase price of the goods for that year.

The decision of the Board of Tax Appeals is affirmed.