[Civ. No. 9933. Second Appellate District, Division Two.—April 24, 1935.]

CULBERT L. OLSON et al., Respondents, v. MARYLAND CASUALTY COMPANY (a Corporation), Appellant.

Everett H. Smith for Appellant.

Olson & Olson and Eugene P. Fay for Respondents.

CRAIL, J.—This is an appeal from a judgment against the defendants in an action upon a bond wherein the defendants agreed to pay a specified sum, upon condition however that if defendant Allison faithfully executed the duties of his office as receiver according to law and obeyed all lawful orders of the court made in the receivership action then the obligation should be void. The plaintiffs were the successors of defendant Allison as receivers for the oil company. It was alleged in plaintiffs' complaint that in the receivership action in which the bond was given the court had ordered defendant Allison upon his final accounting to pay to plaintiffs three certain sums of money, and that he had failed to do so although demand had been made upon him therefor. These and other allegations were made, sufficient to entitle the plaintiffs to judgment on the pleadings in the absence of a denial or a special defense. For answer the defendants admitted the allegations of the complaint and set up four separate defenses as follows: (1) that the receiver had complied with all of the orders of the court on the current accounts, which said compliance made it impossible for said receiver to comply with the order made on the final account; (2) that all of said orders on the current accounts of the receiver were made upon notice to or upon stipulation of all of the parties litigant in said action, and that the final account and the order thereon were heard and made respectively without notice to or the right to ap-

pear in anywise or at all—to the surety company; (3) that its principal, Charles F. Allison, had fully and fairly complied with all of the orders of the court; and (4) that the order of the judge, hearing the final account, violated section 1, Amendment 14, of the Constitution of the United States, in that said order was made and entered without service of process, papers, notices, etc.—upon defendant surety company and that this defendant was deprived of the equal protection of the laws.

Upon motion of the plaintiffs all of these defenses were stricken and judgment on the pleadings was entered against the defendant, because of which the defendants complain.

■ None of the defenses was of any validity, for the following reasons among others: Number (1) because it was immaterial that defendants had complied with other orders of the court; the bond was conditioned upon compliance with *all* orders; compliance with former orders did not make it impossible to comply with the final order which was for the payment of money merely. ■ Numbers (2) and (4) because again it was immaterial about former orders and because the surety company was not entitled to notice of the hearing on the final account of the receiver. ■ Number (3), while the defendants alleged by way of mere conclusion that Allison had fully and fairly complied with all the orders of the court, yet they admitted in the same sentence of the answer "that said, or any moneys, referred to by plaintiffs in said amended complaint, have not been paid by Charles F. Allison to plaintiffs", i. e., that they had not complied with the order on the final account.

■ It will be observed and should be remembered that the defendants made no claim in the trial court that the order on the final account was unlawful nor was any claim made that said order was a nullity. Judgments of our superior court are presumed to be valid. They are subject to direct attack, such as by appeal or by motion to set them aside under section 473 of the Code of Civil Procedure. But where the attack is a collateral one, to be successful the lack of jurisdiction, if any, to make the order must appear upon the face of the judgment roll. The judgment rolls of the several orders are not before this court.

The defendants make four contentions on appeal which they present in the form of questions. We will state them in the language of the defendants and answer them so far as seems necessary.

■ "Is a surety bound by the order of the court ruling [i. e., made] upon a final account of a receiver?" We believe that where, as in this case, the condition of the bond is to obey all lawful orders of the court there is apparent on the face of the bond the agreement and purpose on the part of the surety to submit to all lawful orders of the court as conclusive, and in a suit upon the bond the surety cannot go behind the order of the court to inquire into the merits of the controversy which the order has already determined. (*Irwin* v. *Backus,* 25 Cal. 214 [85 Am. Dec. 125]; *Chaquette* v. *Ortet,* 60 Cal. 594; *Pico* v. *Webster;* 14 Cal. (202) 203 [73 Am. Dec. 647]; *Harter Co.* v. *Geisel,* 18 Cal. App. 282 [122 Pac. 1094]; *Brodrib* v. *Brodrib,* 56 Cal. 563; *Titus* v. *Fairchild,* 49 N. Y. Sup. Ct. 211; *State* v. *Abbott,* 63 W. Va. 189 [61 S. E. 369].)

■ "Is the receiver and his surety protected by orders of the court made approving said receiver's current accounts?" Where the condition of the bond is that the receiver will obey all lawful orders of the court, he may not select some orders to obey and some to disobey. If the final order was unsatisfactory to the receiver he should have appealed in the receivership case, or moved to set it aside under said section 473. In the absence of any claim or any showing that the final order is a nullity he must obey it.

"In the absence of an express finding of fraud by the receiver, is the surety entitled to defend a suit upon the receiver's bond for noncompliance of the terms of the order settling the final account, when the terms of the orders approving current accounts make such compliance impossible?" We have already adequately answered this contention.

■ "Does the denial of the right of the surety to defend an action upon a receiver's bond amount to a violation of the fourteenth amendment of the Constitution of the United States?" The surety company was not denied the right to defend the action. It did defend. But it developed at

the trial that its defense was neither a valid nor a successful one.

Judgment affirmed.

Stephens, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 22, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 20, 1935.