**FISHEL v. KITE.** *

No. 7041.

United States Court of Appeals for the District of Columbia.

Decided Dec. 27, 1938.

Rehearing Denied Feb. 4, 1939.

---

[8] 65 App.D.C. 387, 84 F.2d 240.

*Writ of certiorari denied 59 S.Ct. 645, 83 L.Ed. ——.

Aaron W. Jacobson and Irwin Geiger, both of Washington, D. C., for appellant.

Daniel Thew Wright, of Fenwick, Md., for appellee.

Before GRONER, Chief Justice, and STEPHENS and MILLER, Associate Justices.

MILLER, Associate Justice.

Appellant, as plaintiff in the court below, sued appellee as administratrix of the estate of Harry A. Kite, alleging that deceased, prior to his death, guaranteed and promised to pay five promissory notes; that following the death of deceased, appellant filed with the probate division of the lower court a claim against the estate of Harry A. Kite, which was rejected by appellee as administratrix. Demurrers were sustained to appellee's plea and amended plea, and thereafter, appellee being in default for failure to plead further, judgment was entered by the lower court in favor of appellant, in the amount prayed for, on March 25, 1936. No appeal was taken from the judgment.

On June 18, 1937, a writ of fieri facias was issued, and on August 31, 1937, it was returned nulla bona. On June 18, 1937, a writ of attachment was issued, and on the same day a notice of garnishment was served on The Riggs National Bank. On June 23, 1937, a second writ of attachment was issued, and another notice of

garnishment served on the same Bank. On June 28, 1937, The Riggs National Bank filed its answers to the interrogatories in both writs. On the same day—long after the expiration of the term during which the judgment had been rendered—appellee filed an affidavit saying that she had no assets to discharge all just claims against the estate. On June 29, 1937, she filed a second affidavit, again saying that she had no assets to discharge all just claims and, further, that at the time the writs of attachment and of fieri facias were issued the court had not assessed the sum which appellee should pay to appellant, regard being had to the amount of assets in her hands, as required by Section 252, Title 29, D.C.Code, 1929.

The orders from which this appeal was taken recalled and quashed the writ of fieri facias, vacated the attachments, and released the garnishments. The lower court found that the writ and attachments were issued without authority of law and that the garnishments were levied unlawfully and without cause.

█ The Code of the District of Columbia provides expressly for actions[1] and judgments[2] against executors and administrators, and for the issuance of writs of fieri facias thereon. Section 252 of the Code also provides that under such a judg-

ment and writ, "* * * either his own goods or the goods of the deceased may be thereupon taken and sold, * * *." There is no reason to doubt that this contemplates the use of attachment and garnishment—familiar supplementary proceedings for the discovery of goods and the satisfaction of judgments.[3] There is nothing in the cases cited by appellee to suggest the contrary. Those cases related to situations where, unlike the present one, judgments had not been obtained against the administrator.[4]

█ The important question in this case, therefore, is whether appellant is entitled to rely upon the judgment ordered by the lower court on March 25, 1936, to support the writ of fieri facias, the attachments and garnishments. As that term of court had long since passed, and no appeal had been taken, the judgment must stand —because the case had passed beyond control of the court[5]—unless it was void in its inception[6] and hence subject to collateral attack.[7]

█ A collateral attack is not available except upon the theory that the judgment is void and unless the record reveals that the court had no jurisdiction of the parties or of the subject-matter, or that the judgment rendered was beyond the authority of the court under the law.[8] No ques-

---

[1] D.C.Code (1929) tit. 29, § 251.

[2] D.C.Code (1929) tit. 29, § 252.

[3] See D.C.Code (1929) tit. 24, c. 11, § 271 et seq. See particularly, D.C. Code (1929) tit. 24, § 284: "An attachment may be issued upon a judgment either before or after or at the same time with a fieri facias * * *."; § 286: "An attachment may be levied upon the judgment debtor's goods, chattels, and credits."; and § 287: "In all cases of attachment the plaintiff may exhibit interrogatories in writing, * * * to be served upon any garnishee concerning any property of the defendant in his possession or charge or any indebtedness of his to the defendant at the time of the service of the attachment * * *."

[4] Jordan v. Landram, 35 App.D.C. 89; Graham v. Fitch, 13 App.D.C. 569.

[5] Bronson v. Schulten, 104 U.S. 410, 415, 26 L.Ed. 797; Wetmore v. Karrick, 205 U.S. 141, 149, 27 S.Ct. 434, 51 L.Ed. 745; Phillips v. Negley, 117 U.S. 665, 672, 673, 6 S.Ct. 901, 29 L.Ed. 1013; Taliaferro v. Carter, 63 App.D.C. 304, 72 F.2d 172; Woods Bros. Const. Co., Inc.,

v. Yankton County, 8 Cir., 54 F.2d 304, 308, 309, 81 A.L.R. 300.

[6] See United States ex rel. Tungsten Reef Mines Co. v. Ickes, 66 App.D.C. 3, 84 F.2d 257; Macfarland v. Saunders, 25 App.D.C. 438.

[7] United States ex rel. Wilson v. Walker, 109 U.S. 258, 3 S.Ct. 277, 27 L.Ed. 927; Windsor v. McVeigh, 93 U.S. 274, 23 L.Ed. 914; State of Missouri ex rel. Stormfeltz v. Title Guaranty & Surety Co., 8 Cir., 72 F.2d 595, 598, certiorari denied 294 U.S. 708, 55 S.Ct. 404, 79 L.Ed. 1242.

It is generally held that an attack upon a writ of execution or other process issued in aid of satisfaction of judgment is a collateral attack. Jones v. George, 80 Md. 294, 30 A. 635; Hammett v. Hatton, 189 Mo.App. 567, 176 S.W. 1078; 1 Black, Judgments (2d ed. 1902) § 253.

[8] Windsor v. McVeigh, supra note 7; Manson v. Duncanson, 166 U.S. 533, 548, 17 S.Ct. 647, 41 L.Ed. 1105; Marchand v. Frellsen, 105 U.S. 423, 428, 429, 26 L.Ed. 1057; United States, to Use of Hine, v. Morse, 218 U.S. 493, 31 S.Ct.

tion is involved in the present case as to the jurisdiction of the court over the parties or the subject-matter.

When a collateral attack is made upon a judgment of a court of record having general jurisdiction, the jurisdiction of the court is presumed unless the record discloses the nonexistence of essential jurisdictional facts.[9] As this court has said, " * * * a judgment may not be collaterally attacked unless want of jurisdiction appears affirmatively from the record."[10] No want of jurisdiction appears affirmatively from the record in the present case.

Appellee's argument proceeds upon the assumption that the estate was insolvent; that absent creditors will be aggrieved by the judgment and in fact that it will constitute a preference in favor of appellant and against such absent creditors. However, the record fails to reveal the existence of such creditors; no facts suggesting insolvency appear in the record, and there is in fact no basis upon which to support such a contention. The record with which we are concerned is that which preceded the entry of the judgment now collaterally attacked. The affidavits of appellee filed in 1937, more than fifteen months after entry of the challenged judgment, are no part of that record and cannot be considered in determining whether the court acted within its jurisdiction in March 1936. The record,

properly before us, is entirely consistent with the conclusion that the court considered the condition of the estate, determined that there were sufficient assets and thereupon, pursuant to the procedure and the mandate of the statute, ordered judgment "for the whole debt or damages found."

It may be argued that in view of possible injury to other creditors, through negligence or duplicity of an administrator, the statute should be so interpreted as to require that the record show affirmatively, in all cases, that the court has observed all procedural steps specified by Section 252, Title 29, D.C.Code, 1929. It may be argued further that any other interpretation would put a premium upon fraud and collusion; defeat the purpose of the statute; unwisely extend the jurisdiction of the court; and oust the probate division of its jurisdiction, by taking from it all the property of the estate. These considerations may suggest the desirability of legislative action designed to require such a record or to give to the probate division jurisdiction to hear and determine such actions, or to provide for joint action by the probate and law divisions of the court, or to require a hearing, findings and assessment in all cases, with notice to all interested persons and opportunity to be heard. But such considerations do not permit judicial amendment of the statute or judicial repeal of long established rules governing collateral attack.

37, 54 L.Ed. 1123, 21 Ann.Cas. 782; United States ex rel. Wilson v. Walker, 109 U.S. 258, 3 S.Ct. 277, 27 L.Ed. 927. See, also, Abraham v. Homer, 102 Okl. 12, 13, 226 P. 45, 47; Smith v. Paschal, Tex.Com.App., 1 S.W.2d 1086; Anthony v. Kasey, 83 Va. 338, 5 S.E. 176, 5 Am.St.Rep. 277; People ex rel. Arkansas Valley Sugar Beet & Irrigated Land Co. v. Burke, 72 Colo. 486, 502, 212 P. 837, 843 et seq., 30 A.L.R. 1085.

"It is of no avail, therefore, to show that there are errors in that record, unless they be such as prove that the court had no jurisdiction of the case, or that the judgment rendered was beyond its power. This principle has been often held by this court, and by all courts, and it takes rank as an axiom of the law." Cooper v. Reynolds, 10 Wall. 308, 316, 19 L.Ed. 931.

9 Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461; Montgomery v. Equitable Life Assur. Soc., 7 Cir.,

83 F.2d 758, 762; Hall v. Johnston, 9 Cir., 86 F.2d 820; First Nat. Bank & Trust Co. v. Bowman, 322 Mo. 654, 671, 15 S.W.2d 842, 850; Catlett v. Chestnut, 107 Fla. 498, 146 So. 241, 91 A.L.R. 212; Orth v. Hajek, 127 Okl. 59, 259 P. 854; Olson v. Maryland Casualty Co., 6 Cal.App.2d 421, 44 P.2d 412; Dye Bros. v. Butler, 209 Ky. 199, 272 S.W. 426. See, also, United States v. Chemical Foundation, Inc., 272 U.S. 1, 14, 15, 47 S.Ct. 1, 71 L.Ed. 131; Concordia Fire Ins. Co. v. Illinois, 292 U.S. 535, 547, 54 S.Ct. 830, 78 L.Ed. 1411; Lewis v. United States, 279 U.S. 63, 73, 49 S.Ct. 257, 73 L.Ed. 615; United States v. Royer, 268 U.S. 394, 398, 45 S.Ct. 519, 69 L.Ed. 1011; Bates & Guild Co. v. Payne, 194 U.S. 106, 109, 24 S.Ct. 595, 48 L.Ed. 894.

10 Bowles v. Laws, 59 App.D.C. 399, 402, 45 F.2d 669, 672, certiorari denied, 283 U.S. 841, 51 S.Ct. 488, 75 L.Ed. 1452.

Presumably the questions now sought to be raised by appellee, concerning willingness to confess judgment, the procedure of assessment, and the effect of the proviso contained in Section 252, could have been considered and determined on appeal from the judgment. But errors and mistakes of law which may subject a judgment to impeachment by direct attack, do not necessarily subject it to collateral attack.[11] Only when the record discloses "a want of power as distinguished from error in the exertion of power that was possessed" can a collateral attack succeed.[12] In our view, the statutory provisions in the present case were not jurisdictional.[13] The court had jurisdiction over the parties and the subject-matter. It had power to enter a judgment. If it erred in holding that a case had been made, under either its inherent power or its statutory authority, still it cannot be said that it has usurped jurisdiction or that its order is an absolute nullity.[14]

The judgment being a valid one, therefore, it was sufficient to support a writ of fieri facias, which in turn is sufficient to accomplish the taking of the goods of the deceased or of the administratrix. D.C. Code, 1929, tit. 29, § 252.

We have carefully considered all of appellee's contentions and find them to be without merit.

Reversed.

[11] See Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 325, 47 S.Ct. 600, 71 L.Ed. 1069; American Express Co. v. Mullins, 212 U.S. 311, 29 S.Ct. 381, 53 L.Ed. 525, 15 Ann.Cas. 536; United States, to Use of Hine, v. Morse, 218 U.S. 493, 509, 31 S.Ct. 37, 54 L.Ed. 1123, 21 Ann. Cas. 782; Marin v. Augedahl, 247 U.S. 142, 149, 38 S.Ct. 452, 62 L.Ed. 1038; Ex parte Bigelow, 113 U.S. 328, 5 S.Ct. 542, 28 L.Ed. 1005; United States v. Sakharam Ganesh Pandit, 9 Cir., 15 F.2d 285, 287, certiorari denied 273 U.S. 759, 47 S.Ct. 473, 71 L.Ed. 878; Edward Thompson Co. v. Thomas, 60 App.D.C. 118, 49 F.2d 500; 1 Freeman, Judgments (5th ed. 1925) § 305; 1 Black, Judgments (2d ed. 1902) §§ 244–246. Mere procedural irregularities are subject to correction by the court itself or upon appeal, but afford no warrant for collateral attack. Chandler v. Peketz,

297 U.S. 609, 612, 56 S.Ct. 602, 80 L. Ed. 881; Pennsylvania v. Williams, 294 U.S. 176, 182, 55 S.Ct. 380, 79 L.Ed. 841, 96 A.L.R. 1166.

[12] Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496, 53 S.Ct. 721, 727, 77 L. Ed. 1331; cf. Rapeer v. Colpoys, 66 App.D.C. 216, 218, 85 F.2d 715, 717.

[13] See Fauntleroy v. Lum, 210 U.S. 230, 234, 235, 237, 28 S.Ct. 641, 52 L. Ed. 1039; Marin v. Augedahl, 247 U.S. 142, 145, 149, 38 S.Ct. 452, 62 L.Ed. 1038; Santiago v. Nogueras, 214 U.S. 260, 267–268, 29 S.Ct. 608, 53 L.Ed. 989; Burnet v. Desmornes y Alvarez, 226 U.S. 145, 147, 33 S.Ct. 63, 57 L.Ed. 159; Ætna Life Ins. Co. v. Eaton, 2 Cir., 43 F.2d 711, certiorari denied 282 U.S. 887, 51 S.Ct. 90, 75 L.Ed. 782.

[14] United States, to Use of Hine, v. Morse, 218 U.S. 493, 505, 509, 31 S.Ct. 37, 54 L.Ed. 1123, 21 Ann.Cas. 782; cf. Rapeer v. Colpoys, 66 App.D.C. 216, 218, 85 F.2d 715, 717.