Rossell *v.* Rossell.

WILLIAM B. ROSSELL

*v.*

ELLEN ROSSELL.

[Filed January 7th, 1903.]

Under proceedings invoking the general power of the chancellor over the affairs of infants and their custody during minority, or upon *habeas corpus,* under the provisions of section 12 of the "Act concerning minors, their adoption, custody and maintenance" [Revision of 1902] (*P. L. of 1902 p. 259*), the chancellor may, by decree or order, award the custody of an infant child of parents living in a state of separation without being divorced, to one of them, and incidentally provide for the access of the other parent to the child under proper restrictions. A bill filed by the father of such a child against the mother having the child in her custody, not seeking a decree fixing such custody or making the child a party, but only asking a mandatory injunction requiring the mother to permit the father to have access to the child, does not properly invoke the jurisdiction of the chancellor.

Mr. *William T. Boyle,* for the complainant.

Rossell *v.* Rossell.

MAGIE, CHANCELLOR.

The bill in this case was filed on July 31st, 1901. The complainant therein states that he was married to the defendant, and that a child was born of the marriage on the 31st of July, 1900. He further states that his wife had separated herself from him, taking the child with her, and is now living in this state apart from him, and denies him any access to the child. The prayer is for a decree requiring the wife to permit the husband to see the child at such reasonable times and places and upon such terms, conditions and restrictions as should seem fit to the court.

No answer was filed to the bill, and the cause remained without any steps taken, until, on June 3d, 1902, an order for proofs was made. Proofs were taken under the order, and upon them the case was set down for hearing.

The proceedings are not initiated by a writ of *habeas corpus,* bringing before the court the child in question. If the matter had been thus brought to the attention of the chancellor, it would have been governed by the legislation in force at the time the bill was filed, viz., the "Act concerning the custody of infants," approved March 20th, 1860, as amended by an amending act approved March 22d, 1892. *Gen. Stat. p. 1722.* As the child was within the age of seven years, the discretion of the chancellor, if invoked by the writ of *habeas corpus,* has been held to be limited by the provisions of the act so far as to require him to commit to the mother the custody of a child, the parents of which live in a state of separation without being divorced, unless the mother is of such character and habits as to render her an improper guardian for such child. *Bennet* v. *Bennet, 2 Beas. 114; Landis* v. *Landis, 10 Vr. 274.*

Where the chancellor's jurisdiction is invoked by *habeas corpus,* but the pleadings and proofs presented make an issue as to the right to the permanent custody of infants, the matter is before the chancellor under his general power to superintend the affairs of infants and to provide who shall permanently have the custody of them during minority. *Baird* v. *Baird, 4 C. E. Gr. 481; Buckley* v. *Perrine, 9 Dick. Ch. Rep. 285; S. C., 10 Dick. Ch. Rep. 515.*

Rossell *v.* Rossell.

It may be incidentally stated that the act above cited, which was in force at the time this bill was filed, was repealed by an act approved April 2d, 1902. *P. L. of 1902 p. 270.* The provisions of the act thus repealed have been modified, and, as modified, continued in force by the twelfth section of the act entitled "An act concerning minors, their adoption, custody and maintenance" [Revision of 1902], approved April 2d, 1902. *P. L. of 1902 p. 259.* By the provisions of that section the chancellor is empowered to award the custody of any minor child of a husband and wife living in a state of separation without being divorced, upon the child being brought before him upon *habeas corpus,* and may also make order for the access of either parent to such child, at such times and under such circumstances as he may decree expedient.

Except as the legislation above mentioned may have limited the discretion of the chancellor respecting the custody of an infant within the age of seven years, it is undoubtedly true that, in dealing with the custody of an infant of tender years, especially if the infant be a daughter, under the general jurisdiction of the court, the chancellor would, in general, award the custody to the mother (if not restrained by proofs of unfitness), at least temporarily, and might also, as an incident to such decree, require the mother to permit the father reasonable access to the child, under proper conditions and restrictions. *2 Story Eq. Jur.* § *1341 a.*

But the question remains whether the undoubted jurisdiction of the court is properly invoked by the bill filed in this cause.

In early English cases it was made a question whether the judgment of the lord-chancellor could properly be exercised upon a petition or should be invoked by bill. *Ex parte Hopkins, 3 P. Wms. 152; Eyre* v. *Countess Shaftsbury, 2 P. Wms. 103.* Mr. Pomeroy asserts that the acquisition of jurisdiction depends on the infant being made a ward of the court, and that such *status* arises from the infant being brought before the court, as a party, in some suit or proceeding. *Pom. Eq. Jur.* § *1305.*

The present bill does not make the infant a party. It does not seek a decree fixing the custody of the infant during minority.

It impliedly admits that the defendant, the infant's mother, is a proper person to have and retain its custody. It seeks a mandatory decree, operative upon the defendant alone, regulating her conduct in respect to such custody.

I have not been referred to, nor have I been able to discover, any precedent for such a bill. The relief sought is properly a mere incident to a decree fixing the custody of infants, and so appears in precedents of decrees. *3 Dan. Ch. Pr. app. 2296; 2 Seton Dec. 714.* Upon a petition or bill bringing the infant into court, or upon a *habeas corpus* under the act of 1902, above cited, I have no doubt that, if I discovered that this child should be committed to the custody of the mother, I might require her to permit the father to have access to the child at proper times and under proper restrictions. But as my power to act depends upon the infant being before me, I think that the incidental relief sought by this bill cannot be granted.

The bill must be dismissed.