AtKINSON, J.,
delivered the opinion of the court:
Claimant, who was chief of a division and disbursing clerk of the Interior Department, receiving a salary of $2,000. per year, and was also disbursing agent for the Architect of the Capitol, for which he received $1,000 per year, was appointed by the Secretary of the Interior as a special disbursing agent to disburse an appropriation made by the Congress for the enlargement of the Hospital for the Insane, in the District of Columbia, and for such special service he presented a claim against the United States for $5,290.36. Payment was refused by the accounting officers of the Treasury Department for the reason that claimant at the time said special servieé was rendered was holding two offices under the United States, the emoluments of which were greater than *554 $2,500 per year, and that such charge for such special services, therefore, was a violation of sections 1763 and 1765 of the Eevised Statutes, because such special service was not provided for by law — i. e., the act under which the appropriation was made did not provide for a special allowance to an agent to disburse said appropriation.
The principal contention of the claimant in this case is that at the time he rendered the services for which he brings this suit he was receiving a salary of $2,000 per annum as disbursing clerk for the Interior Department, and $1,000 per annum for like services to the Architect of the Capitol building, aggregating the sum of $3,000 as an annual salary which he was then receiving from the Government, and although his salary from said two positions aggregated more than $2,500 per year, he was not barred from receiving additional compensation by sections 1763 and 1765, Eevised Statutes, because the two positions held by him are separate and distinct appointments, the salary of each being separately appropriated for by the Congress and attached to each respective office. Consequently, he insists that the $1,000 salary allowed him as disbursing agent for the Architect of the Capitol building was not an increase of or addition to the $2,000 salary he was regularly receiving as disbursing clerk of the Interior Department, but, on the contrary, it was only a distinct salary compensation allowed him for the performance of the duties of a different office, both of which offices the Congress had decided should be held by the same person; and, furthermore, as Congress had legislated with respect to the office and not to the individual, a single individual might properly be appointed to and hold any number of offices regardless of the aggregate salary he receives, provided that no one of the salaries amounts to $2,500 per year.
Additional and double compensation to employees of the Government are prohibited by the following provisions of the Eevised Statutes:
“ Sec. 1763. No person who holds an office, the salary or annual compensation attached to which amounts to the sum of two thousand five hundred dollars, shall receive compensation for discharging the duties of any other office, unless expressly authorized by law.”
*555 “ Sec. 1764. No allowance or compensation shall be made to any officer or clerk by reason of the discharge of duties which belong to any other officer or clerk in the same or any other department; and no allowance or compensation shall be made for any extra services whatever, which any officer or clerk may be required to perform, unless expressly authorized by law.”
“ Sec. 1765. No officer in any branch of the public service, or any other person whose salary, pay, or emoluments are fixed by law or regulations, shall receive any additional pay, extra allowance, or compensation, in any form whatever, for the disbursement of public money, or for any other service or duty whatever, unless the same is authorized by law, and the appropriation therefor explicitly states that' it is for such additional pay, extra allowance, or compensation.”
, We do not deem it necessary to consider the above question as to the intent and meaning of section 1763, Revised Statutes (supra), for the reason that we do not regard it .as controlling. It matters not, so far as the merits of this case are concerned, whether claimant’s two salaries, which he was receiving regularly, are considered separately or as one. The question at issue involves far more than the particular amount of claimant’s salary as an employee of the Government. The real issue in the case is whether the Congress in- - tended him to be paid more than his regular salary for the performance of the same or similar duties, in the absence of some statute authorizing the same and fixing the compensation therefor, within the meaning of the several sections of the Revised Statutes as construed by the Supreme Court in the cases referred to below.
The sections of the Revised Statutes above quoted have been repeatedly construed both by this court and the Supreme Court. In respect of sections 1763 and 1765, the Supreme Court, in the case of Converse v. United States (21 How., 463, 473), said:
“ The just and fair inference from these acts of Congress, taken together, is that no discretion is left- to the head of a .department to allow an officer who has a fixed compensation any credit beyond his salary, unless the service he has performed is required by existing laws and the remuneration of them is fixed by law.” (See also United States v. Shoemaker, 7 Wall., 338.)
*556 And referring to section 1765, the same court, in the case of Hoyt v. United States (10 How., 109, 141), said:
“ It is impossible to misunderstand this language or the purpose and intent of the enactment. It cuts up by the roots these claims by jrablic officers for extra compensation on the ground of extra services. There is no discretion left in any officer or tribunal to make the allowance unless it is authorized by some law of Congress. The prohibition is general and applies to all public officers or quasi public officers who have a fixed compensation.” (See also Pack v. United States, 41 C. Cls. R., 423; Woodwell v. United States, 214 U. S. R., 82).
Section 1764 in express terms prohibits any allowance or compensation to any officer for “ the discharge of duties which belong to any other officer,” in any department, or “ for any extra services whatever which any officer or clerk may be required to perform, unless expressly authorized by law.”
Section 1765 is even more stringent, as it applies to “ any officer in any branch of the public service, or any other person whose salary, pay, or emoluments are fixed by law or regulations; ” and as to such officer it is provided that he shall not receive — •
“ any additional pay, extra allowance, or compensation, in any form whatever, * * * for any service or duty whatever, unless the same is authorized by. law and the appropriation therefor explicitly states that it is for such additional pay, extra allowance, or compensation.”
It has been held in several cases that these statutes are not applicable to cases where two distinct offices, places, or employments, each of which has its own compensation, are held by one person at the same time. (United States v. Saunders, 120 U. S. R., 126, and cases there cited.) The rule in cases like the one at bar was clearly and concisely settled by the Supreme Court in Hall v. United States (91 U. S. R., 559), wherein it was decided:
“ Nor can any compensation for extra services be allowed * * * unless it appear that the head of the department was authorized by an act of Congress to appoint an agent to perform the extra service; that the compensation to be *557 paid for the services was fixed by law; that the services to be performed had respect to matters wholly outside of the duties appertaining to the office held by the agent, and that the money to pay for the extra services had been appropriated by Congress.”
In the case of the United States v. King (147 U. S. R., 676), it was still more explicitly decided that—
“ When a statute increases the duties of an officer by the addition of other duties germane to the office, he must perform them without extra compensation, but if he is employed to render services in an independent employment, not incidental to his official duties, he may recover for such services.”
Section 4839, after providing for the necessary qualifications of the superintendent of the Government Hospital for the Insane, and fixing his duties generally, provides that ahe shall he the responsible disbursing agent of the institution, etc.” And section 4858 reads:
“All appropriations of money by Congress for the support of the Hospital for the Insane shall be drawn from the Treasury on the requisition of the Secretary of the Interior and shall be disbursed and accounted for in all respects according to the laws regulating ordinary disbursements of public money.”
Those sections, however, as we construe them, have reference only to disbursements for the support or administrative expenses' of the hospital, and not to disbursements for the constructions of new buildings, although the Secretary of the Interior might, under Eevised Statutes, section 255 (if the superintendent of the hospital were a bonded officer), have designated him to disburse the money therefor as part of his duties. The Secretary of the Interior, however, saw fit to designate the disbursing officer of the Interior Department for this special service, and fixed his compensation therefor, under Eevised Statutes,- section 3634, at one-eighth of one per cent; but as the claimant was already in the employment of the Government at a fixed salary, he is precluded, under Eevised Statutes, section 1765, from receiving “ any additional pay, extra allowance, or compensation, in any form whatever, for the disbursement of public money, or for any other service or duty whatever, unless the same is authorized by law, and the appropriation therefor ex *558 plicitly states that it is for such additional pay, extra allowance, or compensation.” And as there is no law authorizing such additional compensation and no explicit appropriation therefor, the claimant, under the recent decision in the Wood-well case (214 U. S. R., 82), is not entitled to recover and his petition is accordingly dismissed.
HowRY, J:, was not present when this case was tried and took no part in its decision.