# EVANS *v.* UNITED STATES.

## APPEAL FROM THE COURT OF CLAIMS.

No. 65. Argued December 5, 1912.—Decided January 6, 1913.

In this case *held* that the appointment of one holding a government position as special disbursing agent was not an appointment to a separate and distinct office from that already held, but merely an order requiring him to perform additional services, and under § 1765, Rev. Stat., payment therefor in addition to his salary is prohibited. *Woodwell* v. *United States*, 214 U. S. 82.

44 Ct. Cl. 549; 45 Ct. Cl. 169, affirmed.

THE facts, which involve the right under § 1765, Rev. Stat., of an employé of a Department to extra compensation for additional services, are stated in the opinion.

*Mr. Jackson H. Ralston* and *Mr. William E. Richardson*, with whom *Mr. Frederick L. Siddons* was on the brief, for appellant.

*Mr. Assistant Attorney General John Q. Thompson*, with whom *Mr. P. M. Ashford* was on the brief, for the United States.

MR. JUSTICE PITNEY delivered the opinion of the court.

This case comes here on appeal from a judgment of the Court of Claims dismissing appellant's petition after hearing the merits and denying a motion for a new trial. 44 Ct. Cl. 549; 45 Ct. Cl. 169. Briefly, the facts are that the appellant, who was a chief of division and disbursing clerk of the Interior Department, receiving a salary of $2,000 per year, and was also disbursing clerk of the architect of the Capitol, for which he received annual compensation of $1,000, was appointed by the Secretary of the Interior on August 10, 1901, to act as a special disbursing agent to disburse an appropriation of $925,000 provided by the acts of June 6, 1900, and March 3, 1901, 31 Stat. 588, 619, c. 791, and 1133, 1163, c. 853, for the construction of additional buildings in the extension of the Government Hospital for the Insane in the District of Columbia. Further appropriations having been made by Congress, viz.: for an office and administration building $145,000, and for a central heating and lighting plant for the entire hospital $260,000, appellant was directed by the Secretary, under date January 5, 1903, to disburse these appropriations under his original appointment; and similar action was taken May 16, 1904, directing him to disburse an appropriation for painting the new buildings. Appellant accepted the appointment and gave bonds, first in the sum of $25,000, and afterwards in the additional sum of $75,000; he entered upon the duties and faithfully discharged them, and disbursed between August, 1901, and June, 1905, the sum of $1,410,761.87. In the order appointing him it was stated that for the service of disbursing the appropriation he would be allowed the maximum compensation permitted by law, not exceeding three-eighths of one per cent. The appointment of a special agent to make the disbursements was, in the judgment of the Secretary of the Interior, a necessity.

During the time appellant acted as such special disbursing agent he continued to hold the office of disbursing clerk of the Interior Department and to act as disbursing clerk of the architect of the Capitol, and for the performance of these duties received the salary and compensation first mentioned. For the special service of disbursing the appropriations for the Government Hospital he presented a claim for $5,290.36, payment of which was refused by the accounting officers of the Treasury Department, on the ground that at the time the special service was rendered he was holding two offices under the United States, the emoluments of which exceeded $2,500 a year, and that the charge for such special service was in violation of §§ 1763 and 1765, Rev. Stat., inasmuch as the act under which the appropriation was made did not provide for a special allowance to an agent for disbursing it.

Three sections that stand side by side in the Revised Statutes should be quoted:

"SEC. 1763. No person who holds an office, the salary or annual compensation attached to which amounts to the sum of two thousand five hundred dollars, shall receive compensation for discharging the duties of any other office, unless expressly authorized by law.

"SEC. 1764. No allowance or compensation shall be made to any officer or clerk, by reason of the discharge of duties which belong to any other officer or clerk in the same or any other Department; and no allowance or compensation shall be made for any extra services whatever, which any officer or clerk may be required to perform, unless expressly authorized by law.

"SEC. 1765. No officer in any branch of the public service, or any other person whose salary, pay, or emoluments are fixed by law or regulations, shall receive any additional pay, extra allowance, or compensation, in any form whatever, for the disbursement of public money, or for any other service or duty whatever, unless the same is

authorized by law, and the appropriation therefor explicitly states that it is for such additional pay, extra allowance, or compensation."

It seems to us that the appointment of the appellant as "special disbursing agent" was not an appointment to a separate and distinct office from those already held by him, but was merely an order requiring him to perform additional services in the way of disbursing public moneys. This being so, payment for the extra services is prohibited by the terms of § 1765, Rev. Stat., without reference to the fact that the appellant already held offices whose salary or annual compensation amounted to more than two thousand five hundred dollars. The case is within the authority of *Woodwell* v. *United States*, 214 U. S. 82. The fact that in the present case it was understood that the appellant should have additional pay makes this case different in its circumstances, but does not render inapplicable the statutory prohibition.

*Judgment affirmed.*

MR. JUSTICE McKENNA and MR. JUSTICE HUGHES, dissent.