# WEDDERBURN *v.* WEDDERBURN.

---

PARENT AND CHILD; FORMER ADJUDICATION; EQUITY; DIVORCE; APPEAL AND ERROR.

1. A decision of the supreme court of the District of Columbia in a habeas corpus proceeding instituted by a father to recover the custody of

---

Note.—On the question of liability of father for support of children as affected by decree awarding custody of child to mother, see note in 2 L.R.A.(N.S.) 851.

his infant child in the possession of its mother, his wife, awarding
the custody of the child to the wife, is an adjudication of her right
to the custody of the child, and accordingly that question cannot be
relitigated in a suit for divorce subsequently brought by the hus-
band in Virginia. (Citing D. C. Code, sec. 1150 [31 Stat. at L. 1373,
chap. 854] following *Slack* v. *Perrine*, 9 App. D. C. 128, and distin-
guishing *Goldsmith* v. *Valentine*, 36 App. D. C. 63.)

2. A husband divorced in Virginia from his wife may be compelled in this
District to contribute to the support of their infant child (follow-
ing *Rhodes* v. *Robie*, 9 App. D. C. 305, and *Hard* v. *Splain*, 45 App.
D. C. 1; and distinguishing *Domonet* v. *Burkart*, 23 App. D. C. 308,
and *Thompson* v. *Thompson*, 35 App. D. C. 14); and his obligation
to do so may be enforced by a suit in equity against him by the
wife, as next friend of the infant. (Citing *Slack* v. *Perrine*, 9 App.
D. C. 153 and *Goldsmith* v. *Valentine*, 36 App. D. C. 66.)

3. Where the evidence in a suit in equity in which the court below awarded
a specified sum, to be paid monthly by the defendant for the sup-
port of his infant child, is not before the court on an appeal by the
defendant, it will be assumed that it supported the decree. (Fol-
lowing *Hines* v. *Hines*, 43 App. D. C. 277.)

No. 2957.   Submitted December 7, 1916.   Decided February 19, 1917.

HEARING on an appeal by the defendant from a decree of the
Supreme Court of the District of Columbia adjudging him in
contempt of court for failure to obey an order requiring him
to make payments to be applied for the support of his infant
child, and increasing the amount named in such order.

                                              *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree in the supreme court of the
District adjudging appellant, Alexander J. Wedderburn, in
contempt for failing and neglecting to carry out the provisions
of an order as to payments to be applied toward the mainte-
nance and support of his infant daughter, and increasing the
amount named in said order from $10 to $15 per month.

The appellant and appellee, Helen Pollock Wedderburn, were
married on July 10, 1902, and their legal residence was in Vir-
ginia. On April 28, 1905, a daughter, Helen Tayloe, was born

to them. On September 1, 1907, Mrs. Wedderburn left her husband and came to the District of Columbia, bringing her little daughter with her. About October 1, 1907, Mr. Wedderburn filed a petition in habeas corpus in the supreme court of the District, seeking the custody of the child. A hearing resulted in the award of such custody to the mother, with permission to the father to visit the child at certain times. On May 27, 1909, Mrs. Wedderburn filed a petition in equity, praying that Mr. Wedderburn be required to contribute toward the support of the child. In his answer the husband set forth, *inter alia*, that the custody of the child theretofore had been awarded the wife and that he had instituted a suit for divorce in the circuit court of Fairfax county, Virginia. On August 4, 1909, the court, upon the petition and answer, entered a decree directing Mr. Wedderburn to pay $10 per month, and according him the privilege of the child's custody at certain times. This decree was acquiesced in by Mr. Wedderburn and payments made thereunder for several years. Unsuccessful attempts were made by Mrs. Wedderburn to have the allowance increased. Finally, Mr. Wedderburn contended that he had not been permitted to have the custody of the child as directed by the court, and notified Mrs. Wedderburn that he should discontinue payments under said decree of August 4, 1909.

Thereupon, on September 11, 1914, as the next friend of the child, Mrs. Wedderburn filed a petition setting forth in detail all the pertinent facts, including those throwing light upon appellant's ability to comply with said order of the court. In his answer to the rule to show cause Mr Wedderburn stated that his failure to make payments was because he had not been permitted to have the custody of the child as directed by the order of the court. A supplemental petition was filed on April 9, 1915, to which appellant responded that a divorce from bed and board was granted in Virginia, in November, 1908, which was made absolute in September of 1910; that by reason of said divorce the supreme court of the District of Columbia had no jurisdiction to make said order of August 4, 1909. The record of said divorce proceeding was made a part of the answer. In

his petition in that proceeding appellant alleged: "Sixth. That at the time of said desertion and abandonment of the complainant by the said defendant, she took with her from the complainant's home in the county of Fairfax, Virginia, their infant daughter, Helen Tayloe Wedderburn, and that said defendant now has the care and custody of the said child, the same having been awarded to her by the supreme court of the District of Columbia. * * *" No order was prayed as to the child, and in neither decree was she mentioned.

The decree herein recites that "after consideration of all the evidence adduced in open court by the respective parties, the infant, Helen Tayloe Wedderburn, was examined in open court by counsel, and afterwards the court examined said child in chambers out of the presence of her parents and of counsel." and that after argument by counsel the court adjudged appellant guilty of contempt, but allowed him thirty days within which to pay the $55 arrears and purge himself of such contempt. Future payments were increased from $10 to $15 per month, the opinion of the court reciting that this was done "on the testimony taken for the purpose of determining whether or not the amount previously allowed for the support of the infant should be increased." Appellant again was granted the right to visit his child at certain times.

The case is here on the pleadings, the statement of the evidence having been stricken from the record for failure of appellant to comply with the rules of this court. (See *Wedderburn v. Wedderburn,* 45 App. D. C. 235.)

*Mr. Edmund Burke* for the appellant.

*Mr. Levi H. David* for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

That the court had jurisdiction in the original habeas corpus proceeding hardly will be questioned. See Code, sec. 1150. And the decision of the court in that proceeding awarding the

custody and control of the child to the mother was *res judicata,* under the ruling of this court in *Slack* v. *Perrine,* 9 App. D. C. 128, 150, where the question was carefully considered and squarely ruled. See also *Richards* v. *Collins,* 45 N. J. Eq. 283, 14 Am. St. Rep. 726, 17 Atl. 831; *Goldsmith* v. *Valentine,* 36 App. D. C. 63, is not in conflict with the decision in Slack v. Perrine, for in the latter case the question was whether, under said section of the Code, the court possessed authority to award the custody of the infant to a person *not a party to the proceeding.* When, therefore, appellant filed his suit for divorce in Virginia he already had litigated in this jurisdiction the question of the custody of his child. This his petition for divorce fully recognized.

Appellant, in the circumstances, was bound at least to contribute toward the support of his child. *Holtzman* v. *Castleman,* 2 MacArth. 555; *Rhodes* v. *Robie,* 9 App. D. C. 305; *Hard* v. *Splain,* 45 App. D. C. 1; *Dunbar* v. *Dunbar,* 190 U. S. 340, 351, 47 L. ed. 1084, 1092, 23 Sup. Ct. Rep. 757. In the latter case the husband had divorced his wife on the ground of desertion, but in the decree of the court the wife was permitted to retain the custody of the children, the husband entering into an agreement to contribute toward their support. The court said (p. 351): "The contract to contribute a certain sum yearly for the support of each child during his minority was simply a contract to do that which the law obliged him to do; that is to support his minor children. The contract was a recognition of such liability on his part."

*Demonet* v. *Burkart,* 23 App. D. C. 308, and *Thompson* v. *Thompson,* 35 App. D. C. 14, 226 U. S. 551, 57 L. ed. 347, 33 Sup. Ct. Rep. 129, have no bearing upon the question here. In the former case the decree of divorce made no provision as to the custody of the child, but the wife voluntarily assumed such custody, and, ten years later, sought to have the court reopen the case and reimburse her, "as alimony," in the sum she had expended for the support of the child from the date of the original decree until her remarriage. In the latter case the question determined was that a decree of divorce in Virginia in favor of

the husband on the ground of desertion "forecloses any right of the wife to have alimony or equivalent maintenance from her husband under the law of Virginia," and hence that she could not maintain an action in this jurisdiction to that end. 226 U. S. 567. Here there has been no attempt on the part of the wife to obtain alimony. She is merely undertaking, as the next friend of the child, to invoke the aid of a court of equity in an effort to compel the father to fulfil an obligation which the law imposes upon him.

It appearing, therefore, that appellant was under legal obligation, at least, to contribute toward the support of this child, the question arises as to how that obligation may be enforced. It is generally recognized that, notwithstanding that the custody of children often is expressly provided for by statute, a court of chancery, independent of statute, has jurisdiction over such custody. *Slack* v. *Perrine,* 9 App. D. C. 153; *Goldsmith* v. *Valentine,* 36 App. D. C. 66; *Bryan* v. *Bryan,* 34 Ala. 516; *Rossell* v. *Rossell,* 64 N. J. Eq. 21, 53 Atl. 821; *Cowls* v. *Cowls,* 8 Ill. 435, 44 Am. Dec. 708; *Leibold* v. *Leibold,* 158 Ind. 60, 62 N. E. 627, 2 Story, Eq., Jur. 13th ed. sections 1341a–1343, 1346–1348. No good reason is perceived why a court of equity having jurisdiction of the parties and the general subject-matter should not afford complete relief. Unless such authority is exercised by the chancellor, the only way in which the obligations of this father toward his child may be enforced will be by a suit at law, where the rules are rigid and inflexible, where little consideration may be given to the surrounding circumstances of the parties, and where necessarily one suit must follow another. We think it quite apparent that the relief afforded by equity will be much more comprehensive, satisfactory, and just than would be possible in a court of law. And there is authority for the exercise of such jurisdiction. *Holt* v. *Holt,* 42 Ark. 495; *Luthe* v. *Luthe,* 12 Colo. 421, 21 Pac. 467; *Leibold* v. *Leibold,* 158 Ind. 60, 62 N. E. 627; *Cowls* v. *Cowls,* 8 Ill. 435, 44 Am. Dec. 708.

Since the evidence upon which the decree was founded is not before us, we must assume that it supported the decree. *Hines*

v. *Hines*, 43 App. D. C. 277.    It follows that the decree must be affirmed, with costs.                    *Affirmed.*