### UNITED STATES v. 534.7 ACRES OF LAND IN ORANGE COUNTY, FLA., et al.

### No. 11676.

Circuit Court of Appeals, Fifth Circuit.

Nov. 8, 1946.

David L. Bazelon, Asst. Atty. Gen., and Roger P. Marquis and Wilma C. Martin, Attys., Lands Division, Dept. of Justice, both of Washington, D. C., William D. Jones, Jr., Sp. Asst. to Atty. Gen., of Jacksonville, Fla., and H. S. Phillips, U. S. Atty., of Tampa, Fla., for appellant.

W. H. Poe, of Orlando, Fla., for appellees.

Before HOLMES, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

Appellant, as petitioner below, instituted proceeding in November, 1943, to condemn, for its use in connection with the Orlando

Army Air Base, for a term ending June 30, 1944, and extendable for yearly periods during the national emergency, 534.7 acres of land owned by appellees in Orange County, Florida. Estimated just compensation in the sum of $3,525 for the taking for the term commencing July 1, 1943, and ending June 30, 1944, was deposited in the registry of the court in December, 1943, and in August, 1944, a like amount was deposited as estimated just compensation for the renewal period ending June 30, 1945. Appellees in answer set up "that the petitioner was, at the time of the filing of the petition, and * * * at all times thereafter, in the possession and enjoyment of the premises * * *, under and by virtue of a lease between the petitioner and defendants, granting to the petitioner the possession of said lands under the identical terms and with the identical rights, title, interest and estate sought to be acquired by this proceeding, except as to rental, which has heretofore been fixed and agreed upon by the parties";[1] that the petitioner may not "use its right of eminent domain to secure a right or title which it had and has, in derogation of its solemn covenants, deliberately and fairly assumed." Appellant moved to strike those parts of the answer pertaining to the lease, on the ground, among others, that they were immaterial and did not constitute a proper defense. On trial of the motion to strike it was stipulated:

" * * * that the nature, character and extent of the leasehold estate created by Exhibit 'A' hereto attached was the same estate as is now sought to be acquired by the above-entitled proceedings.

"That at all times between April 1st, 1942 and the filing of the petition herein, on November 18th, 1943 and to the date hereof, the petitioner has continued in the uninterrupted possession of said lands described * * * in said petition."

The court overruled the motion to strike in a written opinion holding that petitioner was not entitled to proceed by way of condemnation for a renegotiation of the contract price. The court said:

" * * * it affirmatively appears that petitioner by this proceeding seeks to do nothing more than bring about a re-negotiation of the 'contract price' for the property in question. Petitioner seeks no different estate in the property than was granted to it by the lease, under which terms petitioner entered into and was in possession of the property at the date of the filing of this petition in this case."

Thereupon, appellees moved for a summary judgment, under the pleadings stipulation, and opinion of the court, in the sum of $5,347, the amount of the rental reserved in the lease, accrued and payable on June 30, 1944. On April 14, 1945, a divisible judgment on the motion was entered. It decreed:

"1. That the relief sought by the petition of the Petitioner praying for the condemnation of the leasehold interest is hereby denied.

   *     *     *     *     *     *

"3. It is declared that the lease described in the answer, and copy of which is attached to the stipulation marked Exhibit 'A', was in full force and effect, at the commencement of this action, and will remain

---

[1] The lease for a term beginning April 1, 1942, and ending June 30, 1942 provided:

"This lease may, at the option of the Government, be renewed from year to year at a rental of Five Thousand Three Hundred Forty-Seven Dollars ($5,347.00) per annum. * * * and otherwise upon the terms and conditions herein specified, provided notice be given in writing to the Lessor at least thirty (30) days before this lease or any renewal thereof would otherwise expire: Provided that no renewal thereof shall extend the period of occupancy of the premises beyond the period of six months after the termination of the National Emergency.

  *   *   *   *   *   *   *   *

"The Government shall pay the Lessor for the premises rent at the following rate: $5,347.00 per annum or at a pro rata basis for lesser periods, it being agreed and understood that this lease shall be construed as creating a tenancy for only such period of time as the premises shall be actually occupied by the Government. It is further agreed and understood that the Government shall have the right to terminate this lease or any renewal thereof at any time upon giving the Lessors 30 days' advance notice in writing."

in full force and effect so long as the Petitioner occupies the premises, or said lease is terminated in accordance with its terms, or shall be re-negotiated by the voluntary act of the parties, or in accordance with the law applicable to such contracts.

"4. The defendants, McCrory Holding Co., and The First National Bank at Orlando, as Executor of the Estate of John H. McCullough, deceased, do have and recover from the Petitioner the sum of $5,347.00 as rent under said lease from July 1, 1943, to June 30, 1944, and interest thereon at the rate of 6% from the date of this judgment until paid."

Notice of appeal from said judgment was filed on July 13, 1945; on December 12, 1945, this Court dismissed the appeal "for failure [of appellant] to file the transcript of record * * * within the return day." On December 29, 1945, appellant filed in the court below, in the same proceeding, a motion to vacate the judgment rendered on April 14, 1945, on the ground that the judgment was void as a matter of law for the reasons (1) that the court was without authority to inquire into and limit the right of the Government in condemnation proceedings, and (2) that the court was without authority to adjudicate a claim against the Government with respect to which the Government has not consented to be sued. From a judgment denying this motion, appellant prosecuted this appeal.

The question presented is whether the district court had jurisdiction in a condemnation proceeding to enter a judgment against the United States, denying condemnation of the interest sought and holding the United States liable to defendants under a contract of lease.

It will be observed that when the condemnation proceeding, which resulted in the judgment against appellant, was being heard and considered by the court below, the parties agreed that the lease, under which the Government had gone into possession of the premises, was the same estate sought to be acquired in the condemnation proceeding. Appellant contended that its failure to give appellees notice of its intention to renew the lease for the term beginning July 1, 1943, and ending June 30, 1944, terminated the lease, and that thereafter it remained in possession of the land as a tenant at sufferance and could condemn a greater estate in the land.[2] Appellees, to the contrary, contended that the stipulation for notice of renewal was, under the local law, for their benefit; that the lease was renewed by appellant's remaining in possession of the leased premises; hence, that at the time of the filing of the condemnation proceedings appellant was in possession of the leased premises under the lease.[3] Thus, the question presented to the court below in the original condemnation proceeding was whether the lease under which appellant went into possession of the premises was in force and effect at the time the condemnation proceeding was filed; and, if in force and effect, whether appellant could condemn an estate identical with the estate it had and was in the enjoyment of under its contract.

■ The court below had judisdiction of the condemnation proceedings. 40 U.S.C.A. § 257. Having jurisdiction, it had the authority to inquire into and to determine the question before it. An inquiry into whether appellant was vested with the right to condemn is quite different from an inquiry into the necessity of taking and the extent of title to be taken, with respect to which authority to act for military purposes is vested under the congressional acts [3a] in the Secretary of War.

■ The term of the court below at which the judgment was entered ended on the 20th day of September, 1945. 28 U.S. C.A. § 149, Act of Aug. 25, 1937, Ch. 763, § 1, 50 Stat. 800, Ex Parte Harlan, C.C.N.

---

[2] Appellant cited United States v. 6.74 Acres of Land in Dade County, Fla., 5 Cir., 148 F.2d 618.

[3] In the court below appellant's counsel frankly stated that he doubted the right of appellant to condemn an estate identical with the estate then had; but he contended that the conventional lease had terminated by failure of the appellant to give notice of renewal thirty days prior to June 30, 1943; hence that the Government had no lease at the time of the filing of the condemnation suit.

[3a] The acts relied upon by the Government appear in 50 U.S.C.A. §§ 171 and 171a.

D.Fla. 1909, 180 F. 119, aff'd Harlan et al. v. McGourin, 1910, 218 U.S. 442, 31 S.Ct. 44, 54 L.Ed. 1101, 21 Ann.Cas. 849. The authority of the court below with respect to said judgment ended with the end of the term. United States v. 111,000 Acres of Land in Polk and Highlands Counties, Fla., 5 Cir. 1946, 155 F.2d 683, 685. The judgment of the court below denying to appellant the right to condemn may have been erroneous, but it concerned a question with respect to which the court below was vested with authority to act. The lower court's right to amend, alter, or change the judgment denying condemnation expired when the term at which the judgment was entered ended; and, whether the judgment on that question was right or wrong, the court below no longer had power to change it. It could only be corrected on appeal, and the appeal was dismissed. The court below, therefore, in overruling the motion to vacate the judgment denying to appellant the right to condemn a leasehold estate in the lands was correct and must be affirmed.

That part of the judgment, however, awarding a money judgment against the United States for the annual rental fixed in the rent contract concerned a question with which the court below was not vested with jurisdiction. The Government may not be sued without its consent,[4] and the record in this case makes it abundantly clear that that consent was never given. The Tucker Act[5] presents the only remedy by which the claim for the rent under the contract may be tested, and claims under the Tucker Act may not be made in a condemnation proceeding.[6] The money judgment against appellant, being null and void, could be vacated by the court below at any time.

The judgment appealed from, to the extent that it denied appellant's motion to vacate and set aside the judgment of April 14, 1945, denying to appellant the right to condemn a leasehold estate in the lands described in its petition, is affirmed. To the extent that it denied the motion to vacate the money judgment against the appellant, the judgment is reversed, and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

Affirmed in part; reversed and remanded in part.

---

4 United States v. Shaw, 1939, 309 U.S. 495, 500, 60 S.Ct. 659, 84 L.Ed. 891; United States v. U. S. Fidelity Co., 1939, 309 U.S. 506, 514, 60 S.Ct. 653, 84 L.Ed. 894.

5 24 Stat. 505, Judicial Code, § 24 (20), 28 U.S.C.A. § 41 (20).

6 N. Y. Telephone Co. v. United States, 2 Cir., 1943, 136 F.2d 87, 88; Moody v. Wickard, 1943, 78 U.S.App.D.C. 80, 136 F.2d 801, 803, 804, cert. denied 320 U.S. 775, 64 S.Ct. 89, 88 L.Ed. 465; United States v. Shingle, 9 Cir., 1937, 91 F.2d 85, 89, cert. denied 302 U.S. 746, 58 S.Ct. 264, 82 L.Ed. 577; United States v. John Ii Estate, 9 Cir., 1937, 91 F.2d 93, 94, cert. denied 302 U.S. 746, 58 S.Ct. 264, 82 L.Ed. 577; Carlisle v. Cooper, 2 Cir., 1894, 64 F. 472, 476; Cf. United States v. Sherwood, 1941, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058.