WADE et al. v. UNION STORAGE & TRANSFER CO.

No. 588.

Municipal Court of Appeals for the District of Columbia.

April 20, 1948.

494

Levi H. David, of Washington, D. C. (Robert H. McNeill, of Washington, D. C., on the brief), for appellants.

Robert E. Lynch, of Washington, D. C., for appellee.

Before HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Plaintiffs by their amended complaint, filed April 29, 1943, alleged that they had stored certain desks with the defendant and that defendant negligently lost, misapplied and converted to its own use 25 desks of a value of $1,167.50 and 8 desks of a value of $356. Plaintiffs sought judgment for $1,543.50, the alleged value of the 33 desks. The answer denied that defendant had failed to deliver any desk stored by plaintiffs with defendant.

Trial was delayed by reason of the absence in the armed services of certain of defendant's witnesses. Trial was had April 11, 1946, by the court without a jury. At completion of the evidence for both parties the trial court took the case under advisement and on June 7, 1946, made the following finding:

"The Plaintiff in this case has failed to adequately prove the amount of damages to which he may be entitled upon a decision upon the merits, but may supply upon a new trial sufficient evidence to properly substantiate his claim. Consequently, the action is dismissed without prejudice to the Plaintiff to plead over."

On June 7, 1946, the following minute entry was made:

"Come now the parties and the cause having been heard, it is ordered after hearing said cause be dismissed without prejudice." [1]

On July 17, 1946, plaintiffs filed a motion for "re-opening and re-hearing," alleging that the dismissal without prejudice was erroneous and that they were prepared to submit "upon a new trial" evidence to properly substantiate their claim. On October 4, 1946, the following minute entry was made:

"Upon consideration of plaintiff's motion to retry and reopen the above entitled cause, it is ordered after hearing said motion be denied."

On October 30, 1946, the following minute entry was made:

"Upon consideration of plaintiff's motion to re-open and re-try the case, it is ordered after hearing and argument said motion is denied by Judge Neilson only."

On November 1, 1946, plaintiffs filed a praecipe with the Clerk of Court to place

---

[1] The trial court's Civil Rule 52c, then in effect, provided that judgment "shall not be entered" until the 5th day after finding by the court. Failure to observe this rule indicates that the trial court did not consider its "finding" a true finding, but more in the nature of a statement of the grounds on which the judgment of dismissal was based.

the case on assignment for a new trial, and in support thereof filed an affidavit of one of plaintiffs' counsel averring that the trial judge after hearing the motion to reopen and rehear had stated that in view of the fact that he had talked with counsel for defendant relative to the case after its conclusion, the judge felt that he was personally disqualified to sit further in the case, that he considered that in effect he had ordered a new trial on the merits but that another judge of the court should preside at the new trial.

Apparently no action was taken upon this praecipe and on September 2, 1947, plaintiffs filed a motion to strike from the docket the entry dated June 7, 1946, providing for dismissal of the case without prejudice, the entry dated October 4, 1946, denying the motion to reopen and retry the case, and the entry dated October 30, 1946, denying motion to reopen and retry the case; and asking that the case be set down for new trial upon a definite date. This motion was heard and denied by another judge of the trial court. From the order denying the last mentioned motion this appeal has been taken.

 Much of the argument on appeal centers around the meaning and effect of the finding of June 7, 1946. Plaintiffs contend that because of the reference in the finding to evidence which might be supplied "upon a new trial" that the court intended to order a new trial. In this connection it relies upon affidavits of counsel that the judge on the motion for rehearing stated that he considered that he had in effect ordered a new trial. A judgment of the court, however, cannot be modified by extrinsic evidence and in determining the meaning and effect of the finding we are confined to the record.[2] The finding was ambiguous and the reference therein to a new trial gives some support to appellants' contention that the court intended to order

a new trial. However, the conclusion of the finding was that the action be dismissed without prejudice. Dismissal without prejudice is plainly inconsistent with ordering a new trial. Furthermore, at that stage of the case ordering a new trial would have been improper. The first trial had not been completed, because no finding had been made. A new trial of necessity implies that there has been a completed trial.[3] The reference in the finding to the right of the plaintiffs "to plead over" is meaningless under such circumstances. While we cannot with any certainty construe the intended meaning of this so-called finding, there was on the same day entered on the minutes of the court a judgment reciting that the case having been heard it was ordered that the cause be dismissed without prejudice. This entry we must assume was made at the direction of the court and was its interpretation of the effect of its own finding.

 In our opinion the order or judgment dismissing the case without prejudice was clearly erroneous. The case had been tried and submitted for decision. A dismissal without prejudice decided nothing and we know of no practice in this jurisdiction authorizing such a dismissal at such stage of the case. In effect the court ordered an involuntary nonsuit, but in the absence of statute or rule authorizing it, a court has no power to order an involuntary nonsuit.[4] Under Civil Rule 37 of the trial court, based upon Federal Rule of Civil Procedure, rule 41, 28 U.S.C.A. following section 723c, as that rule was originally promulgated, the trial court, after plaintiff has completed presentation of his evidence, on motion of the defendant may dismiss the cause on the ground that upon the facts and the law plaintiff has shown no right to relief, and this dismissal may be without prejudice. Such a dismissal has the effect of an involuntary nonsuit. However, the rules do not provide for such a dismissal after the

2 American Nat. Bank & Trust Co. of Chicago v. United States, 79 U.S.App.D. C. 62, 142 F.2d 571.

3 Garden City Feeder Co. v. Commissioner of Internal Revenue, 8 Cir., 75 F. 2d 804. The then Rule 52 and present Rule 52A of the trial court impliedly

recognize that a new trial cannot be ordered until after verdict or finding.

4 Slocum v. New York Life Ins. Co., 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879, Ann.Cas.1914D, 1029; Coughran v. Bigelow, 164 U.S. 301, 17 S.Ct. 117, 41 L.Ed. 442; Rudolph v. Sensener, 39 App.D.C. 385.

**496**

evidence has been completed on both sides and the case submitted for decision. Furthermore, dismissal with or without prejudice under Rule 37 must be on the ground that upon the facts and the law plaintiff has shown no right to relief. Here, the trial court apparently found that plaintiffs had established a right to relief, otherwise it would have made a finding for defendant and there would be no occasion to consider the adequacy of the proof relating to damages. Even in jurisdictions permitting involuntary nonsuits, such an entry we think would have been erroneous in this case, for if the plaintiffs had proved their cause of action they were at least entitled to judgment for nominal damages. Plaintiffs assert that the record discloses adequate evidence of the damages, but we are not required now to pass upon that question.

As we see the case, the trial court having heard the evidence and taken the case under advisement was authorized to make a finding for plaintiffs or for defendant. If the trial court felt that further testimony with respect to the damages was proper or necessary, it had the discretion to reopen the case for the purpose of taking such testimony. It likewise could have suggested to plaintiffs the advisability of taking a voluntary nonsuit. But we know of no authority of the court at that stage of the proceeding, without the consent of the plaintiffs, to order a dismissal without prejudice.

From a practical viewpoint, the addition of the words "without prejudice" to the dismissal was of little or no value to plaintiffs. More than three years had elapsed since the filing of the action and, in light of the vigorous defense to the original action, it can reasonably be assumed that upon filing a new action plaintiffs would have been faced promptly with a plea of the Statute of Limitations.

Having reached the conclusion that the judgment or order of June 7, 1946, was erroneous, the question arises whether motion filed September 2, 1947, to strike (vacate) the judgment should have been granted. No appeal was taken from the judgment and the motion under consideration was filed long after time for appeal had expired. The motion must be considered as unseasonably filed and treated as a collateral attack on the judgment.[5] It is settled that a judgment is not subject to collateral attack merely because it is erroneous. Since no timely motion was filed and no appeal taken, the judgment must stand if merely erroneous and not void. On the other hand, a null and void judgment may be vacated at any time.[6]

A judgment is not void unless it appears from the record that the court rendering it had no jurisdiction of the parties or the subject-matter, or that the judgment was beyond the authority of the court under the law.[7] In the present case jurisdiction over the parties and subject-matter is not questioned. Was the judgment of the court within the powers granted it by law?

The case having been heard and submitted, the trial court had authority to make a finding for plaintiffs or for defendant and to enter judgment in accordance therewith, but we find no authority in this jurisdiction in either common law, statutory law or rule of court for "dismissing" this action without plaintiffs' consent. Of course, the court had power to dismiss for lack of jurisdiction, want of prosecution or failure to comply with its rules, and, under its Rule 37, had power to dismiss at completion of plaintiffs' evidence, but it is obvious here that the court was not attempting to exercise its power under any of those situations.

Here the evidence had been received and it was the duty of the court to decide the case. If plaintiffs had proved their right

5 Butler v. McKey, 9 Cir., 138 F.2d 373, certiorari denied 321 U.S. 780, 64 S.Ct. 636, 88 L.Ed. 1073; Wells Fargo & Co. v. City and County of San Francisco, 25 Cal.2d 37, 152 P.2d 625; Barnard v. Michael et al., 392 Ill. 130, 63 N.E.2d 858.

6 United States v. 534.7 Acres of Land in Orange County, Fla., 5 Cir., 157 F.2d 828; United States v. Sotis, 7 Cir., 131 F.2d 783.

7 Fishel v. Kite, 69 App.D.C. 360, 101 F.2d 685, certiorari denied 306 U.S. 656, 59 S.Ct. 645, 83 L.Ed. 1054; Rapeer v. Colpoys, 66 App.D.C. 216, 85 F.2d 715.

to relief, they were entitled to a finding in their favor for nominal damages at least. If they had not proved such right, defendant was entitled to a finding in its favor. The "dismissal" determined no issue and decided no question. It was not a judgment authorized by law. It was an attempt to terminate the case without an adjudication. It was a nullity.

Since the trial judge has disqualified himself from further proceedings and the case is without a final determination, a mistrial results. The case must be remanded with instructions to vacate the judgment of dismissal and to set the case for trial.

Remanded with instructions.